EL PUEBLO DE PUERTO RICO, apelado, *v.* BASIL GORDON, FITZROY CURATE Y RENFORD CROSSMAN, acusados y apelantes.

*Número:* CR-80-11     *Resuelto:* 7 de junio de 1982

*Heyda Vigil McClin,* abogada, Jefe División de Apelaciones, Sociedad para Asistencia Legal, abogada de los acusados; *Justo Gorbea Varona, Procurador General Interino, y Lorraine*

*Riefkohl, Procuradora General Auxiliar*, abogados de El Pueblo.

El Juez Asociado Señor Dávila emitió la opinión del Tribunal.

Tres marineros oriundos de Jamaica fueron acusados conjuntamente de violar la Ley de Sustancias Controladas. Un solo abogado asumió su defensa. Alegan que no tuvieron la representación legal adecuada que garantizan tanto la Constitución de los Estados Unidos como la de Puerto Rico. Sostienen que sus defensas, por ser incompatibles, no podía asumirlas un solo abogado.

Expondremos los hechos.

Un delincuente habitual fue arrestado y acusado de violar la Ley de Sustancias Controladas. Inquirido por la Policía sobre información relacionada con la introducción de drogas por los barcos de turistas, convino cooperar a cambio de que lo consideraran en el caso por el cual había sido arrestado. Informó a la Policía de un barco de turistas que arribaría a puerto el 13 de marzo de 1979. Arreglaron para proporcionarle un automóvil en el que se trasladaría al muelle a recibir el contrabando.

El día señalado para la llegada del barco el confidente estacionó el vehículo que se le suministró cerca de donde estaba atracada la embarcación. La Policía se apostó cerca para observar la entrega. Observaron cuando descendieron del barco dos marineros que resultaron ser Basil Gordon y Renford Crossman. Entraron al vehículo y dejaron allí unos paquetes. Gordon regresó al barco y volvió con Fitzroy Curate. Entraron al carro para deshacerse de los paquetes. Luego el confidente cambió los paquetes al baúl.

Cuando concluyó la operación el confidente hizo la señal convenida con la Policía. La Policía se acercó y el confidente se alejó. Fueron arrestados los tres marinos y se ocupó el contrabando, que resultó ser marihuana.

La defensa presentó tres testigos. Dos agentes que nada aportaron. El otro lo fue uno de los acusados, Basil Gordon, quien a todos los efectos admitió los hechos para tratar de

establecer la defensa de entrampamiento. Manifestó que andaba junto con los dos acusados celebrando que se había casado recientemente. Se le acercó una persona que resultó ser el confidente y le pidió que le comprara marihuana en Jamaica. Primero rehusó y luego accedió. En otro extremo su declaración confirmó lo establecido por la prueba de cargo. Su testimonio implicó a los otros dos acusados.

▉ El debido proceso de ley garantiza a todo acusado asistencia legal adecuada. *Ex Parte Hernández Laureano*, 54 D.P.R. 416 (1939); *Cuyler* v. *Sullivan*, 446 U.S. 335–343 (1980); *Powell* v. *Alabama*, 287 U.S. 45, 71 (1932); *Johnson* v. *Zerbst*, 304 U.S. 458 (1938). Tan fundamental se considera el derecho de un acusado a estar bien asistido de abogado, que la violación de ese derecho a falta de renuncia, sin más, conlleva la revocación de la sentencia condenatoria. *Chapman* v. *California*, 386 U.S. 18, 23 (1967).

¿Gozan de adecuada defensa unos coacusados juzgados conjuntamente y representados por un solo abogado? Como ocurre siempre, no hay una contestación absoluta a esta interrogante.

Es claro que cuando varios acusados son juzgados conjuntamente, en algún momento pueden surgir o no conflictos en su defensa. Éstos pueden aparecer aun antes de comenzar el juicio, en la etapa del *plea bargaining*, ya que si uno de los acusados se declara culpable por un delito menor a cambio de cooperación con el fiscal, afecta la defensa del otro acusado. También pueden aparecer, por ejemplo, cuando los acusados tienen defensas incompatibles entre sí; cuando uno de los acusados opta por declarar en su defensa implicando a uno o más de los otros acusados, ya que el abogado está en los cuernos de un dilema, pues si contrainterroga a su propio testigo, puede afectar su defensa y si no lo hace afecta la de los coacusados; o cuando el abogado informa al jurado por qué puede hacer hincapié en la debilidad de la prueba presentada en contra de uno de sus

clientes, lo que hace difícil establecer diferencias en la prueba que beneficia a uno de los acusados y como consecuencia afecta adversamente a los otros.

■ El hecho de que un solo abogado represente a más de un coacusado presenta serios problemas en relación con la garantía constitucional de una adecuada representación. Si surge un conflicto entre la defensa de uno y otros, se vulnera la garantía. *Cuyler* v. *Sullivan*, antes; *Camera* v. *Fogg*, 658 F.2d 80 (1981); *Holloway* v. *Arkansas*, 435 U.S. 475 (1978); *United States* v. *Alvarez*, 580 F.2d 1251, 1258 (1978); G. T. Lowenthal, *Joint Representation in Criminal Cases: A Critical Appraisal*, 64 Va. L. Rev. 939 (1978); J. S. Geer, *Representation of Multiple Criminal Defendants: Conflicts of Interest and the Professional Responsibilities of the Defense Attorney*, 62 Minn. L. Rev. 119 (1978); Note, *Developments in the Law—Conflicts of Interest in the Legal Profession*, 94 Harv. L. Rev. 1244, 1384–1395 (1981); Note, *Conflict of Interests in Criminal Proceedings*, 23 Ark. L. Rev. 250 (1969); H. Van Hoey, *Conflict of Interests in Multiple Representation of Criminal Co-Defendants*, 68 J. Crim. L. & C. 226 (1977); Note, *Criminal Codefendants and the Sixth Amendment: The Case for Separate Counsel*, 58 Geo. L.J. 369 (1969).

La tendencia vigente es al efecto de que el juez que preside la vista en casos en que un abogado asume la representación de dos o más acusados tiene la obligación de hacerle saber a éstos los riesgos que corren e inquirir si han discutido la cuestión con el abogado. La Corte de Apelaciones para el Primer Circuito expone la cuestión con suma claridad en *United States* v. *Foster*, 469 F.2d 1 (1972):

El tribunal de instancia tiene el deber de informarles cuanto antes a los acusados de los riesgos que conlleva el ser representados por un mismo abogado, para asegurarse que los acusados están conscientes de dichos riesgos, y de manera diligente debe investigar si los acusados han examinado con su

abogado los riesgos que su representación conjunta conlleva, y si comprenden que tienen derecho a representación legal individual, designada por el tribunal y por la cual el gobierno asumirá los honorarios.

Ver además, *United States* v. *Donahue*, 560 F.2d 1039 (1977); *United States* v. *Waldman*, 579 F.2d 649 (1978).

La Corte de Apelaciones para el Segundo Circuito va más lejos al expresar en *Colon* v. *Fogg*, 603 F.2d 403, 407 (1979):

Para asegurarle a una persona defendida conjuntamente con otra, que está recibiendo la representación legal adecuada garantizada por la Sexta Enmienda, el juez de instancia tiene la obligación de explorar personalmente junto al coacusado el conflicto de intereses potencial inherente a la representación legal conjunta. [Citas.] En exploración es usualmente el único método práctico de averiguar si la representación legal conjunta podría perjudicar al acusado y, en caso afirmativo, si aun así desea hacer una renuncia consciente de su derecho a tener representación legal independiente. Por estas razones hemos sostenido que en ausencia de esta investigación el peso de la prueba cambia y lo tiene el Estado, quien tiene que probar que los peticionarios no se perjudicaron por la representación legal conjunta. [Citas.] Si el derecho que garantiza al acusado la Sexta Enmienda ha de ser efectivo, este curso de acción está predicado como corolario de este derecho constitucional.

■ La Corte Suprema de los Estados Unidos, en *Cuyler*, antes citado, sostiene que si el juez que preside el juicio no conoce ni razonablemente puede conocer de la existencia de conflicto por un abogado al asumir la representación dual, no tiene que inquirir sobre la cuestión. Pero una vez se determina que hay conflicto no tiene que demostrarse el perjuicio causado y procede la revocación de la sentencia. Es por eso que expresa que es deseable que el juez que preside inquiera sobre si existe conflicto y apunta que precisamente el Tribunal ha promulgado la Regla 44(c) de las de Procedimiento Criminal que copiamos al mar-

gen. [1] Ver escolio 10 a la pág. 346 y W. W. Schwarzer, *Dealing with Incompetent Counsel—The Trial Judge's Role*, 93 Harv. L. Rev. 633, 653 (1980). Sin embargo, para establecer una violación a su derecho a tener adecuada asistencia de abogado, un acusado que no objeta durante el juicio la representación conjunta tiene que demostrar afirmativamente que existía un conflicto de intereses y que dicho conflicto afectó adversamente su defensa. *Cuyler*, pág. 348. Pero precisamente para evitar toda controversia en apelación sobre si existía o no conflicto y sobre la necesidad de objeción oportuna es que los jueces de instancia deben siempre inquirir sobre el particular según lo contempla el procedimiento de la Regla 44(c) federal transcrita. [2]

Expuesto el derecho, procede considerar la situación que presenta este caso. Se acusa a tres extranjeros y uno de ellos opta por declarar. En su declaración, con el propósito de establecer la defensa de entrampamiento, relata los hechos exactamente igual a como los estableció la prueba de cargo. Esto es, admite los hechos e implica a los otros dos acusados. El conflicto surge inmediatamente. El abogado defensor no contrainterroga al acusado que declaró, porque

---

[1] Dispone así la Regla 44(c) de las Procedimiento Criminal federal que entró a regir el 1ro de diciembre de 1980:

*"Representación conjunta.* Siempre que dos o más acusados fueren acusados conjuntamente conforme a la Regla 8(b) o se hayan consolidado sus casos para juicio conforme a la Regla 13, y fueren representados por el mismo abogado contratado o designado por el tribunal o contratados por abogados que pertenecen a una misma sociedad legal, el tribunal estará en la obligación de prontamente investigar sobre dicha representación conjunta y debe personalmente informar a cada acusado de su derecho a tener efectiva representación de abogado, incluso representación individual. A menos que haya motivo fundado para creer que no surgirá conflicto de intereses, el tribunal debe tomar cuantas medidas considere apropiadas para proteger el derecho de representación legal de cada acusado."

Debe aclararse que no hay presunción de conflicto por el hecho de que los abogados sean participantes miembros de la Sociedad para Asistencia Legal o entidad similar, toda vez que tanto su responsabilidad como su actuación son individuales y no están sometidas necesariamente a un criterio corporativo común.

[2] La aplicación de la norma expuesta y sus efectos, necesariamente conlleva un examen de cada caso en particular.

destruiría su defensa y si no lo contrainterroga, la defensa de los dos acusados que no declararon es afectada adversamente.

Es oportuno consignar que los casos y los tratadistas al discutir este problema sostienen que en caso de múltiple representación por un abogado, desde el momento mismo en que uno de los acusados declara e implica al otro surge un conflicto que afecta el derecho de los demás acusados a tener adecuada representación legal. *United States* v. *Gaines*, 529 F.2d 1038 (1976); *United States* v. *Gougis*, 374 F.2d 758 (1967); *State* v. *Davis*, 514 P.2d 1025 (1973); *Commonwealth* v. *Russell*, 176 A.2d 641 (1962); Lowenthal, *op. cit.*, págs. 946–947.

■ Lo expresado impone la revocación de las sentencias dictadas contra Curate y Crossman. Por otro lado, la declaración de Basil Gordon a todos los efectos fue una admisión en corte abierta. En forma alguna establece la defensa de *entrampment.* Fue una persona particular quien le encargó el material delictivo. Aparte de que no se estableció que actuara por encomienda de la Policía, los hechos como los relata no establecen que fue inducido a delinquir en la forma que requiere la defensa que invocó. Ver *Pueblo* v. *Verdejo Meléndez*, 88 D.P.R. 207 (1963).

Por las razones antes expuestas *se confirmará la sentencia impuesta a Basil Gordon, se revocarán las impuestas a Fitzroy Curate y Renford Crossman y se ordenará la celebración de un nuevo juicio.*