Negroni Cintrón, Juez Ponente
*675 TEXTO COMPLETO DE LA SENTENCIA
Inconforme con la negativa del tribunal de instancia a ordenarle al Instituto de Ciencias Forenses de Puerto Rico ("Instituto") que (1) levantara huellas dactilares y palmares de dos sobres plásticos que alegadamente contienen la sustancia controlada por cuya posesión se le acusó y que (2) realizara un análisis químico cuantitativo y cualitativo del contenido de otros catorce sobres de donde alegadamente provinieron los primeros dos, la acusada-peticionaria Gisela Alvarez Morales acude ante este Tribunal para que revoquemos dicho dictamen.
Luego de examinar la petición y la Moción en Auxilio de Jurisdicción presentadas por la peticionaria, ordenamos la paralización del juicio pautado para comenzar el 5 de septiembre de 1996 y le concedimos al Ministerio Público el término de quince (15) días para que mostrara causa, si alguna tenía, por la cual no debíamos expedir el auto solicitado para revocar el dictamen recurrido y autorizar que el Instituto realizara los exámenes interesados por la peticionaria, bajo aquellas medidas cautelares o protectoras que el tribunal de instancia estableciere luego de celebrar una vista con tales fines y para que no se afecte la integridad y la admisibilidad de la prueba del Ministerio Público que la peticionaria interesa que se examine. 
I
Así lo hizo por lo que estamos en condiciones de resolver.
A la peticionaria se le imputó la infracción al Artículo 404 de la Ley de Sustancias Controladas, 25 L.P.R.A. see. 2402, por alegadamente poseer en común acuerdo con José Ortiz Martínez el 20 de abril de 1996, dos bolsas que alegadamente contenían la sustancia controlada conocida por cocaína. A ésta se le determinó causa probable para su arresto y para acusarla al tenor de los trámites dispuestos por las Reglas 6 y 23 de las de *676 Procedimiento Criminal, 34 L.P.R.A. Ap. II, respectivamente, por lo que se le sometió la correspondiente acusación ante la sala recurrida.
Próximo a celebrarse el juicio, la representación legal de la peticionaria presentó una moción solicitando el descubrimiento de prueba que fue denegado por el tribunal a quo. Específicamente peticionó que dicho foro le ordenara al Instituto (1) que levantara huellas dactilares y palmares de los dos sobres plásticos cuya posesión se le imputaba a la peticionaria y al otro co-acusado y que (2) le realizara un análisis cuantitativo y cualitativo a cada una de las otras catorce bolsas que, según nos indica, fueron ocupadas a la persona que alegadamente le vendió las dos primeras bolsas a la peticionaria. El Ministerio Público se opuso y aunque de primera intención el tribunal accedió a lo solicitado, finalmente se negó a ello emitiendo en corte abierta la orden recurrida, sin explicación alguna. (Apéndice I, pág. 2.)
Ante nos, la peticionaria señala que el tribunal de instancia cometió el siguiente error:

"Etró el Tribunal de Primera Instancia a\ retractarse de su determinación de ordenar al Instituto de Ciencias Forenses realizar comparación de huellas dactilares y palmares y un análisis químico cuantitativo y cualitativo de las sustancias controladas ocupadas. Todo ello en violación constitucional al derecho de la acusada a tener una adecuada y eficiente asistencia legal, a confrontar e impugnar la prueba en su contra, el derecho a obtener la comparecencia compulsoria de testigos a su favor y por ende a que se le celebre un juicio justo e imparcial."

Argumenta por un lado que como ella niega haber poseído los dos sobres que contienen la sustancia controlada por cuya tenencia se le acusa, se debe permitir que se levanten las huellas dactilares y palmares de esas dos envolturas para compararlas con las suyas. Por otro sostiene que son necesarias las pruebas cuantitativas y cualitativas de los sobres que le ocuparon al alegado vendedor de la sustancia controlada, porque dice que existe base suficiente para entender que los sobres cuya posesión se le imputa no provienen de otras catorce que le ocuparon al alegado vendedor de los primeros, y que ello justificaba que se compararan las sustancias encontradas en los sobres ocupados a la peticionaria con las que contengan los sobres que le fueron ocupados al presunto vendedor. Veamos.
n
Es indiscutible que nuestro sistema de justicia criminal le reconoce a todo acusado el derecho a preparar adecuadamente su defensa y a obtener mediante el descubrimiento de prueba autorizado, la evidencia que se pretende ofrecer en su contra. Ello es corolario innegable de que el derecho del acusado al descubrimiento de prueba es uno consustancial con su derecho a defenderse en un proceso criminal en su contra. Pueblo v. Echevarría Rodríguez, Op. del 25 de abril de 1991, 128 D.P.R. _, 91 J.T.S. 43; Pueblo v. Rodríguez Sánchez, 109 D.P.R. 243 (1979); Pueblo v. Tribunal Superior, 102 D.P.R. 470 (1970); Hoyos Gómez v. Tribunal Superior, 90 D.P.R. 201 (1964). El ámbito del descubrimiento está delimitado, generalmente, por lo dispuesto en las Reglas 94, 95, 95A y 95B de las de Procedimiento Criminal de Puerto Rico, 34 L.P.R.A Ap. II, las que pretenden desalentar las llamadas "expediciones de pesca" en los archivos del Ministerio Público. Pueblo v. Romero Rodríguez, 112 D.P.R. 437, 440 (1982); Pueblo v. Rodríguez Sánchez, 109 D.P.R. 243, 246-249 (1979).
Específicamente, la Regla 95 de las de Procedimiento Criminal, supra, es la que le reconoce al acusado el derecho de descubrir antes del juicio la prueba que el Ministerio Público presentará en su contra, al disponer lo siguiente:

"(a) Previa moción del acusado sometida en cualquier momento después de haberse presentado la acusación o denuncia, y dentro del término prescrito para someterla, el tribunal ordenará al Ministerio Fiscal que permita al acusado inspeccionar, copiar o fotocopiar el siguiente material o información que está en posesión, custodia o control del Ministerio Fiscal:

(1) Cualquier declaración jurada que el Ministerio Fiscal tenga del acusado.

(2) Cualquier declaración jurada de los testigos de cargo que hayan declarado en la vista para 
*677
determinación de causa probable patra el arresto o citación, en la vista preliminar, en el juicio o que fueron renunciados por el Ministerio Fiscal y los récords de convicciones criminales previas de éstos.

(3) Cualquier resultado o informe de exámenes físicos o mentales y de experimentos o pruebas científicas que sea relevante para preparar adecuadamente la defensa del acusado o que vaya a ser utilizado en el juicio por el Ministerio Fiscal.

(4) Cualquier libro, papel, documento, fotografía, objeto tangible, estructura o lugar que sea relevante para preparar adecuadamente la defensa del acusado, que el Ministerio Fiscal se propone utilizar en el juicio o que fue obtenido del acusado o perteneciera al acusado.

(5) El récord de convicciones criminales previas del acusado.

(6)Cualquier informe preparado por agentes de la Policía en relación con las causas seguidas contra el acusado que sea relevante para preparar adecuadamente la defensa del acusado. El descubrimiento de esta prueba estará sujeto a las siguientes condiciones:

(A)Que los objetos, libros, documentos y papeles que el acusado interesa examinar se relacionan o describen con suficiente especificación;

(B) que no afecte la seguridad del Estado ni las labores investigativas de sus agentes policíacos, y

(C) que la correspondiente moción del acusado sea presentada con suficiente antelación a la fecha señalada para la celebración del juicio, de manera que no haya innecesarias dilaciones en los procedimientos ni se produzcan molestias indebidas a los funcionarios del Estado.

(b)El Ministerio Fiscal revelará toda aquella evidencia exculpatoria del acusado que tenga en su poder.

(c) El Ministerio Fiscal deberá informar al tribunal si el material o la información solicitada no se encuentra en su posesión, custodia o control, en cuyo caso el tribunal ordenará a la persona o entidad que la posea, custodie o controle, que la ponga a la disposición del acusado.

(d) No estarán sujetos a descubrimiento o inspección de la defensa los escritos de investigación legal, informes, memorandos, correspondencia u otros documentos internos que contengan opiniones, teorías o conclusiones del Ministerio Fiscal." (Enfasis nuestro.)
Ello no obstante, este derecho del acusado no es absoluto. Pueblo v. Rodríguez Aponte, 116 D.P.R. 653 (1985); Pueblo v. Dones, 106 D.P.R. 303 (1977), pues el esclarecimiento de la verdad como requisito indispensable en la administración de justicia penal, Pueblo v. Ribas, 83 D.P.R. 386 (1961), no autoriza todo tipo de descubrimiento de prueba. Con limitadas excepciones, la norma general que regula el descubrimiento de prueba en el proceso penal es la dispuesta en esta regla. Pueblo v. Rodríguez Aponte, 116 D.P.R. 653 (1985); Pueblo v. Colón Rivera, 93 D.P.R. 852 (1967).
De su lectura puede apreciarse que el descubrimiento de prueba a favor de la defensa que la Regla de referencia autoriza requiere, en primera instancia, la existencia real del objeto o materia a descubrirse; en segundo término, que estos estén en posesión del ministerio público y, por último, que el Ministerio Público intente utilizar dicha prueba en contra del acusado.
Sin embargo, el derecho del acusado a descubrir prueba puede emanar de fuente distinta a las disposiciones del Artículo 95, Pueblo v. Rodríguez Sánchez, 109 D.P.R. 243, 247 (1979), pero en estos caso la solicitud para descubrir dependerá de la discreción del tribunal a quien se le formula la petición, pues (1) éste tiene el poder inherente de reglamentar los procedimientos que ante él se llevan a cabo, Pueblo v. Sánchez Torres, 102 D.P.R. 499 (1974); Urrutia v. A.A.A., 103 D.P.R. 643 (1975); Meléndez v. Levitt & Sons of P.R., 104 D.P.R. 797 (1976); y (2) en circunstancias propias, la solicitud descansa en una base más amplia: En la Carta de Derechos de la *678 Constitución del Estado Libre Asociado. Pueblo v. Rodríguez Sánchez, supra. En tales casos el objeto de la solicitud debe ser pertinente y debe existir base substancial para invocar la existencia, de esa pertinencia, Id. pág.47, en armonía con el "...eminente interés en asegurar que toda evidencia significativa que tienda a establecer inocencia sea presentada al juzgador de los hechos." Id.
A la luz de esta perspectiva, el descubrimiento de prueba que rebasa el texto de la Regla 95 y se apoya en el debido proceso de ley está permitido, pero no puede ser invocado livianamente. Id. El que se permita no constituye autorización indiscriminada que tolere la intrusión en los archivos de las fiscalías o fuente de derecho para facilitarle al acusado cuanta evidencia pueda relacionarse con el caso criminal. Id. págs. 246-247. El derecho de un acusado al descubrimiento de prueba descansa en la sana discreción del tribunal y en ese ejercicio el tribunal debe establecer el balance entre los derechos del acusado y los intereses del Estado, así como considerar, entre otros, la confidencialidad de lo solicitado y la pertinencia para el acusado. Pueblo v. Dones Arroyo, 106 D.P.R. 303 (1977).
Ahora bien, cuanto el acusado establece una base razonable para creer que el someter un objeto en la posesión del Ministerio Público a una prueba científica puede arrojar un resultado favorable al acusado y pertinente a la defensa del acusado, se le puede requerir al Ministerio Público que le permita a expertos del acusado que sometan esos objetos a esas pruebas, bajo aquellas medidas de seguridad apropiadas. La Fave, Criminal Procedure, West Publishing, Co. St. Paul, Minn., 1984, Vol. Ill, sec. 19.5, pág. 548. Aunque esta visión no ha sido adoptada en Puerto Rico, ciertamente no conflige con la normativa que hemos expuesto antes por las siguientes razones: (1) aunque en Puerto Rico es innegable el origen estatutario del derecho del acusado al descubrimiento de prueba, en circunstancias apropiadas la Carta de Derechos de la Constitución del Estado Libre Asociado de Puerto Rico es su base más amplia, Pueblo v. Rodríguez Sánchez, supra; Pueblo v. Hernández García, 102 D.P.R. 506, 511 (1974); (2) la pertinencia del descubrimiento de prueba y la obligación del Ministerio Público de revelar dicha prueba a solicitud de la defensa son consustanciales con el eminente interés de asegurar que toda evidencia significativa que tienda a establecer inocencia sea presentada al juzgador de los hechos, Pueblo v. Rodríguez Sánchez, supra; y (3) el Ministerio Público tiene la obligación de "... revelar toda aquella evidencia exculpatoria del acusado que tenga en su poder." Regla 95(b) de las de Procedimiento Criminal, supra.
En consonancia con lo antes expuesto, de rigor es destacar que tratándose de un derecho que se apoya sustancialmente en el debido proceso de ley, el descubrimiento de prueba como el interesado por la peticionaria no puede invocarse livianamente. Cf. Pueblo v. Dones Arroyo, supra. Requiere que para que el tribunal ejerza su discreción responsablemente, el acusado que procure que se someta a análisis científicos la prueba objetiva en posesión del Ministerio Público cumpla con por lo menos los siguientes requisitos:

”1) El acusado debe formular una solicitud clara y directa al tribunal dentro del término que prescribe la Regla 95 de las de Procedimiento Criminal, supra;

2) La solicitud debe exponer hechos suficientes y detallados que le permitan al tribunal determinar que existe base racional suficiente para creer que el análisis científico a que se someterá la prueba en poder del Ministerio Público es pertinente a su defensa y será favorable al acusado; 

3) La solicitud no puede formularse con la intención de buscar prueba al azar, con elfin de realizar una expedición de pesca o para dilatar los procedimientos, hostigar o causar molestias indebidas a los funcionarios del Estado;

4) El tribunal deberá establecer un justo balance entre los derechos del acusado y los intereses del Estado, incluyendo la seguridad y la confidencialidad de la labor investigativa de éste;

5)De acceder a lo solicitado, el tribunal deberá emitir las órdenes protectoras necesarias para que el descubrimiento solicitado se realice bajo cuidadosas medidas de control, que garanticen el derecho de todas las partes y que el nuevo trámite no afecte la admisibilidad de la evidencia que será objeto del análisis, de conformidad con la facultad que le confiere lo dispuesto en la Regla 95B de las de Procedimiento Criminal, 34 
*679
L.P.R.A. Ap. II. Deberá además precisar quién realizará las pruebas y será responsable por el costo de éstas."

III
Al aplicar esta normativa a los hechos y circunstancias del caso que nos ocupa, concluimos que el tribunal de instancia incidió parcialmente en el ejercicio de su discreción al negarle a la peticionaria la oportunidad de que el Instituto realizara el examen para determinar si los sobres que alegadamente le ocuparon revelaba la presencia de sus huellas dactilares o palmarias. No incidió al negarse a ordenar que se hiciera un análisis cualitativo y cuantitativo de los otros catorce sobres que alegadamente le ocuparon al vendedor que le entregó los primeros dos sobres a la peticionaria. Veamos.
Como se puede apreciar de la moción que presentó ante instancia, la peticionaria no interesa que le permitan examinar pruebas o análisis que el Ministerio Público ya hubiera realizado y que se propusiera utilizar como prueba contra la peticionaria. Ello claramente procedería a la luz de lo dispuesto en el inciso (3) de la Regla 95, supra, la que en lo pertinente dispone que el acusado podrá inspeccionar, copiar o fotocopiar, si está en posesión, custodia o control del Ministerio Fiscal, "[c]ualquier resultado o informe de exámenes físicos o mentales y de experimentos o pruebas científicas que sea relevante para preparar adecuadamente la defensa del acusado o que vaya a ser utilizado en el juicio por el Ministerio Fiscal."
Las solicitudes de la peticionaria ante instancia son de otra naturaleza. Solicita primeramente que se examinen los dos sobres que se encuentran en posesión del Ministerio Público y que serán utilizados en contra de la peticionaria con el fin de que se determine si sus huellas dactilares o palmares aparecen en éstos. La segunda petición pretende que se analice químicamente el contenido de los catorce sobres que alegadamente le ocuparon al presunto vendedor de los dos sobres que le ocuparon a la peticionaria y de donde se alega que provinieron los primeros dos, prueba que no será ofrecida o no tiene que ser ofrecida por el Ministerio Público para apoyar su acusación.
Evidente resulta, pues, que el tribunal de instancia estaba ante un reclamo de descubrimiento de prueba de la peticionaria que no es de los expresamente regulados por lo dispuesto en la Regla 95 de las de Procedimiento Criminal, supra. Se trataba de un pedido de descubrimiento de prueba cuya concesión dependía del ejercicio de la sana discreción del tribunal de instancia, que al ejercer nuestra función revisora debemos limitarnos a examinar si hubo un abuso de discreción. Cf. Pueblo v. Dones Arroyo, supra.
Un cuidadoso análisis tanto de la moción presentada por la peticionaria como de la moción en oposición a ésta presentada por el Ministerio Público revela que instancia ejerció su discreción prudentemente en forma parcial. Ciertamente la peticionaria pretende conocer prueba científica que no está en posesión del Ministerio Público, que no ha sido procurada por éste y que no será utilizada en contra de la peticionaria. A modo de . ejemplo, no estamos ante un caso en que el Ministerio Público ha anunciado que ofrecerá prueba científica para demostrar afirmativamente que las huellas de la peticionaria aparecen en los sobres. La solicitud de ésta para que se busquen huellas dactilares y palmares en los sobres se basa en la premisa o teoría inarticulada de que como ., ella no es culpable de haber poseído las bolsas de sustancias controladas, sus huellas no pueden aparecer en los sobres que alegadamente le ocuparon. Interesa buscar prueba que fortalezca o corrobore su versión de los hechos o que impugne la de El Pueblo.
La peticionaria solicitó dicha prueba a tiempo y en una moción que, aunque fue sustancialmente detallada, le informó al tribunal y al Ministerio Público que la razón para este pedido era que su cliente negaba que hubiese tenido en su poder las dos bolsitas en cuestión; que tienen prueba de que otra persona admitió la posesión de dicho material, que lo había adquirido en Ponce y de que la peticionaria no tenía que conocer la existencia del material delictivo. (Apéndice VI, págs. 9-10.) Más aún. En su moción, el Ministerio Público abona a la posición de la peticionaria cuando al elaborar sobre la dificultad de encontrar huellas en los sobres asevera que "...dicha evidencia pasojsic] por las manos de Víctor Santiago Rodríguez, quien era el vendedor en el punto de drogas del Callejón Castro González en el Bo. Sabana Abajo en Carolina, por las de la imputada, por las del Sr. José Ortiz Martínez, ya que la evidencia le fue ocupada en el pantalón por la Agente Luz D. Rosario." (Enfasis nuestro.) (Apéndice VH, pág. 12.)
Como puede apreciarse, tratándose de bolsas que se ofrecerán en su contra y que el resultado del análisis *680 puede producir prueba favorable a su defensa, la pertinencia del resultado del análisis para la defensa de la peticionaria es incuestionable, independientemente de la admisibilidad en el juicio de la misma o que, pudiendo ser admisible, el resultado pueda ser excluido al tenor de lo dispuesto en la Regla 19 de las de Evidencia, 32 L.P.R.A. Ap. IV. Tampoco existe indicio alguno de que la moción se hubiese presentado con fines de dilatar, oprimir o invadir la secretividad de la investigación fiscal.
Concluimos por tanto que el tribunal de instancia debió acceder a que el Instituto realizara las pruebas que interesa la peticionaria en cuanto a las dos bolsitas cuya posesión se le imputa, por surgir de la moción y de lo discutido en la vista que a esos efectos celebró el tribunal motivos suficientes para creer que el análisis deseado es pertinente a la defensa de la peticionaria.
Ese servicio ciertamente lo podría proveer el Instituto. Los artículos 5 y 14 de la Ley Núm. 13 del 24 de julio de 1985, 34 L.P.R.A. sees. 3005 y 3014, respectivamente faculta al Instituto a realizar el análisis solicitado por la defensa.
Por otro lado, el tribunal de instancia ejerció adecuadamente su discreción al negarle a la peticionaria su solicitud para que se realizaran análisis químicos cuantitativos y cualitativos de las sustancias controladas que alegadamente contienen los catorce sobres en posesión del alegado vendedor de los dos sobres por cuya posesión se acusa a la peticionaria. La moción que presentó la peticionaria ante instancia está desprovista de hechos concretos que demuestren prima facie y convincentemente la importancia y pertinencia de esa prueba así como la legitimidad de su petición, de modo tal que evite que la consideremos como una moción simplemente dilatoria, onerosa y hostigante. Pueblo v. Rodríguez Sánchez, supra, pág. 249. El pedido descansa más bien en la especulación y la pertinencia no surge razonablemente de los hechos expuestos, máxime cuando el propio Ministerio Público le informó a instancia que no había establecido que todas las bolsas de cocaína que tenía el vendedor provenían de un mismo suplidor, de un mismo laboratorio clandestino o de una misma combinación química. En tales circunstancias, la solicitud constituye a todas luces una expedición de pesca.
Finalmente resulta evidente que los catorce sobres no constituyen prueba que el Ministerio Público ofrecerá contra la peticionaria, por lo que las pruebas químicas que interesa la peticionaria no lucen tener en esta etapa un impacto significativo o determinado en la calidad o efectividad del interrogatorio a que se puedan someter los testigos que El Pueblo ofrezca en el juicio o en la adecuacidad de la defensa que pueda brindarle la representación legal de la peticionaria que muevan nuestra discreción a favorecerla.
IV
Por los fundamentos antes expuestos, expedimos el auto solicitado a los únicos fines de modificar la resolución recurrida para acceder a la solicitud de la peticionaria para que el Instituto de Ciencias Forenses someta los dos sobres que alegadamente se le ocuparon a la peticionaria a las pruebas dactilares y palmarias interesadas por la peticionaria, luego de que el tribunal de instancia celebre una vista a los fines de determinar las condiciones bajo las cuales se realizará dicho análisis, incluyendo la determinación de si la peticionaria debe satisfacer o no el costo de dicho análisis, de ser ello necesario.
Lo acuerda el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General
ESCOLIOS 96 DTA 166
1. Le requerimos en particular que se expresara sobre: (1) el alcance de la discreción judicial del tribunal de instancia para permitir a un acusado someter a exámenes científicos prueba objetiva que el ministerio público presentará en el juicio contra el acusado para defenderse de las acusaciones en su contra; (2) la razonabilidad de la solicitud de la peticionaria en relación con el derecho del Ministerio Público a proteger la integridad de la pmeba de cargo que intenta utilizar contra la imputada y (3) las medidas cautelares o protectoras que debían tomarse por el tribunal recurrido para proteger y salvaguardar la admisibilidad de dicha prueba.
*681 2. "(a) Será ilegal el que cualquier persona, a sabiendas o intencionalmente, posea alguna sustancia controlada, a menos que tal sustancia haya sido obtenida directamente o de conformidad con la receta u orden de un profesional actuando dentro del marco de su práctica profesional, o excepto como se autorice en este Capítulo."
3. La Constitución del Estado Libre Asociado de Puerto Rico y la de los Estados Unidos de América garantizan que ninguna persona será privada de su libertad sin el debido procedimiento de ley, y que toda persona acusada de un delito público tendrá derecho a "carearse" con los testigos en su contra y a estar asistido de abogado durante el proceso criminal que se le celebre. El derecho de un acusado a "carearse" con los testigos en su contra y a tener una efectiva y eficiente asistencia de abogado durante la celebración del proceso criminal a que es sometido, están íntimamente relacionados entre sí y, hasta cierto punto, el uno depende del otro, Pueblo v. Moreno González, 115 D.P.R. 298, 304 (1984). La ausencia de un contrainterrogatorio efectivo causa, a su vez, una falta de asistencia legal adecuada, derecho garantizado por el debido proceso de ley. Pueblo v. Gordon, 113 D.P.R. 106,108 (1982).
4. El concepto de pertinencia utilizado es uno que se circunscribe al descubrimiento de prueba a favor de la defensa y no debe confundirse con el criterio utilizado para determinar la admisibilidad de la prueba en el juicio.
En tal sentido, permitir el análisis de la prueba objetiva en poder del Ministerio Público como parte del descubrimiento de prueba del acusado fundamentado en que dicho análisis es pertinente a la defensa de éste, no implica que se ha determinado que el resultado es pertinente para fines de su admisibilidad como evidencia en el juicio posterior ipso facto.
5. "Evidencia pertinente puede ser excluida cuando su valor probatorio es de poca significación en relación a cualesquiera de estos factores:

"(a) Peligro de causar perjuicio indebido.

(b) probabilidad de confusión

(c) desorientación del jurado

(d) dilación de los procedimientos

(e) innecesaria presentación de prueba acumulativa".

6. En lo pertinente dispone lo siguiente:

"El Instituto de Ciencias Forenses de Puerto Rico tendrá las siguientes funciones:

(a) Investigar, con el objeto de determinar la causa, la manera y las circunstancias de la muerte de cualquier persona cuyo deceso se produzca bajo alguna de las situaciones especificadas en este Capítulo.

(b) En estrecha colaboración con la Oficina de Investigación y Procesamiento Criminal del Departamento de Justicia, la Policía de Puerto Rico, o con cualquier otra agencia o negociado pertinente, así como cuando le sea requerido por los tribunales de Puerto Rico, llevará a cabo los exámenes necesarios en el área de las ciencias forenses y la criminología y en la investigación y tramitación de cualquier caso criminal en que sus servicios fueren necesarios. Podrá además brindar servicios a otras agencias o instrumentalidades del Estado Libre Asociado, guardias municipales, agencias federales y otras jurisdicciones que así se lo soliciten.

7."Con relación a delitos en que no se haya causado la muerte de un ser humano, el Instituto de Ciencias Forenses, a petición de jueces, fiscales, abogados defensores, también llevará a cabo todas las investigaciones de laboratorio que sean indispensables y estén a su alcance, a fin de proveer la información necesaria y ayudar al esclarecimiento de la situación planteada. En tal gestión, de permitirlo las circunstancias, estarán disponibles los servicios del Instituto en las áreas de toxicología; análisis de sustancias controladas; análisis de explosivos, acelerantes, residuos; distancias de disparos; comparación de vidrios, pintura, tierra, fibras y metales; servicios en serología forense, fotografía criminal, identificación de armas de fuego, documentos dudosos, y poligrafía e investigación forense.

El Instituto llevará a cabo todos los servicios científicos que al presente presta el Laboratorio de la Policía de Puerto *682 Rico y todos los servicios que presta la División de Servicios Técnicos del Negociado de Investigaciones Especiales, así como cualquier otro servicio científico-forense que en el futuro sea necesario al proceso investigativo." (Enfasis nuestro.)