EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| El Pueblo de Puerto Rico<br><br>Recurrido<br><br>v.<br><br>Juan Manuel Cruzado Laureano<br><br>Peticionario | Certiorari<br><br>2004 TSPR 79<br><br>161 DPR _____ |

Número del Caso: CC-2004-342

Fecha: 24 de mayo de 2004

Tribunal de Circuito de Apelaciones:

Regional Judicial de Bayamón

Panel integrado por su Presidente, el Juez Sánchez Martínez, el Juez Urgell Cuebas y el Juez Soler Aquino

Abogado de la Parte Peticionaria:

Lcdo. Benancio Santana Rabell

Abogado de la Parte Recurrida:

Lcda. Ivette Aponte Nogueras

Materia: Art. 210 CP, Art. 213 CP y Art. 3.2 Ley Ética
Gubernamental

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Recurrido

        v.                         CC-2004-0342    Certiorari

Juan Manuel Cruzado Laureano

    Peticionario

PER CURIAM
(Regla 50)

San Juan, Puerto Rico, a 24 de mayo de 2004.

I

El 27 de febrero de 2004, el aquí peticionario, Lcdo. Benancio Santana Rabell (en adelante, "el peticionario"), abogado del señor Juan Manuel "Mane" Cruzado Laureano ("el acusado" o "el señor Cruzado Laureano") presentó ante el Tribunal de Primera Instancia, Sala Superior de Bayamón (en adelante, "TPI") una *Moción de Renuncia de Representación Legal*. Mediante dicha comparecencia, el peticionario expresó al foro primario su deseo de que se le relevara de la defensa del señor Cruzado Laureano, acusado en el

caso *Pueblo v. Juan M. Cruzado Laureano*, Criminal Núm. D LE2003G0765, D FP2003G0064 AL 0067. Expresó como fundamentos para su petición que: 1) habían surgido diferencias entre el abogado y el acusado en cuanto a cómo llevar la defensa; 2) el propio acusado solicitó su renuncia y la devolución del expediente; y 3) se había perdido la confianza que debe existir en una relación entre abogado y cliente.

Posteriormente, el 5 de marzo de 2004, el señor Cruzado Laureano presentó un escrito titulado *Moción Solicitando que se Releve al Lcdo. Benancio Santana Rabell de este Caso*,[1] en el cual reprodujo las razones aducidas por el peticionario para que se le permitiera renunciar a la defensa de éste.

Con motivo de atender las mociones presentadas, el TPI citó a las partes a una vista a celebrarse el 12 de marzo de 2004. En dicha vista, el acusado reiteró su deseo de que se relevara al peticionario del caso, ya que se había perdido la confianza entre abogado y cliente, y solicitó que se le permitiera defenderse por derecho propio. No obstante, el TPI denegó ambas peticiones.

El 17 de marzo de 2004, el peticionario presentó oportunamente una moción de reconsideración ante el TPI, la cual fue declarada no ha lugar. De dicha denegatoria, el peticionario acudió ante el Tribunal de Apelaciones (en adelante, "TA") mediante recurso de *Certiorari* y

---

[1] *Véase* Apéndice, a la pág. 17.

*Moción en Auxilio de Jurisdicción*. El TA se negó a expedir el auto solicitado mediante Resolución de 29 de marzo de 2004. El 31 de marzo de 2004, el peticionario presentó una *Moción de Reconsideración*, la cual fue denegada ese mismo día.

El TA resolvió, en síntesis, que la renuncia se presentó tardíamente y que no se invocaron hechos concretos o circunstancias específicas que justificaran la remoción del Lcdo. Santana Rabell como abogado del acusado. Asimismo, sustentó lo resuelto refiriéndose a otra decisión del TA, *Pueblo v. Jonathan Fernández Díaz*, KLCE200300365, donde no se le permitió a una abogada de la Sociedad de Asistencia Legal renunciar a la defensa de un acusado indigente que insistía en que le **cambiaran** su representación legal.[2] Dicho foro resolvió en ese caso, *inter alia*, que la percepción que un acusado indigente pueda tener sobre la efectividad de su abogado de oficio, sin una base racional en la cual fundarse, no es una preocupación que pueda atenderse con la sustitución de éste. Además, citando a *Pueblo v. Pardo Toro*, 90 D.P.R. 635, 649 (1982), el TA recalcó que "el derecho a asistencia de abogado no quiere decir el derecho a la asistencia de un abogado en particular."

El 31 de marzo de 2004, pendiente aún la *Moción de Reconsideración* presentada por el peticionario ante el

---

[2] Adviértase que la solicitud en dicho caso se presentó en la mañana del día señalado para el juicio.

TA,[3] el TPI celebró una vista de seguimiento. El acusado solicitó dirigirse al tribunal, lo que se le negó. El juez de instancia le indicó que si deseaba dirigirse al tribunal debía hacerlo a través de su abogado. Así, el juez dejó citados a los testigos y a las partes para juicio el 3 de mayo de 2004. Además, apercibió al acusado que de no acudir se vería el juicio en su ausencia. El acusado se dirigió al tribunal y manifestó que no se presentaría al juicio porque se le está imponiendo una representación legal no deseada, y le expresó al peticionario que no lo autorizaba a dirigirse al tribunal en representación suya.

El 22 de abril de 2004, el peticionario acudió ante nos mediante *Petición de Certiorari*, formulando el siguiente error:

> **Erró el Honorable Tribunal de Apelaciones al no permitir el relevo de representación legal del abogado; solicitado por el señor acusado para éste representarse por derecho propio y por haberse perdido la confianza que debe existir en una relación entre abogado y cliente.**

En vista de que la fecha señalada para juicio se aproximaba, ese mismo día el peticionario presentó ante nos una *Moción en Auxilio de Jurisdicción y Solicitando la Paralización de los Procedimientos en el Tribunal de Primera Instancia*. Mediante Resolución de 27 de abril de 2004, ordenamos la paralización de los procedimientos

---

[3] Dicha *Moción* fue denegada por el TA ese mismo día.

ante el TPI hasta tanto otra cosa dispusiese este Tribunal.

En virtud de la Regla 50 de nuestro Reglamento, resolvemos.

II

La Sexta Enmienda de la Constitución de Estados Unidos de América establece el derecho de todo acusado a estar representado por un abogado en toda causa criminal que en su contra se llevare.[4] Const. EE.UU., Enm. VI, 1 L.P.R.A. En vista de que este derecho, al igual que los demás derechos a favor del acusado establecidos por la citada enmienda, son básicos para el buen funcionamiento del sistema de justicia criminal, éstos son parte del debido procedimiento de ley garantizado por la Decimocuarta Enmienda. *Faretta v. California*, 422 U.S. 806, 818 (1975); *Pueblo v. Amparo Concepción*, 146 D.P.R. 467, 472 (1998).

Como corolario del derecho a asistencia de abogado, la Corte Suprema de Estados Unidos ha atendido controversias relacionadas a la renuncia a éste por un acusado. Sobre este particular, ese alto foro emitió en 1975 la normativa decisión de *Faretta v. California*, *supra*. En ese caso, el señor Faretta fue acusado y sometido a un procedimiento criminal por el delito de hurto mayor ("grand theft") ante el Tribunal Superior del

---

[4] El texto constitucional lee, en su parte pertinente: "[i]n all criminal prosecutions, the accused shall enjoy the right...to have the Assistance of Counsel for his defence." Const. EE.UU., Enm. VI, 1 L.P.R.A.

condado de Los Ángeles, California.  A varias semanas de la fecha del juicio, el acusado solicitó representarse por derecho propio.  El juez de instancia, luego de una determinación preliminar favorable, decidió denegar lo solicitado ya que entendió que el señor Faretta no había tomado una decisión inteligente y con pleno conocimiento de todo lo que implicaba.  Además, resolvió que al acusado no le cobijaba el derecho constitucional a la auto-representación.  La Corte Suprema federal revocó, y resolvió que a un acusado ante un tribunal de justicia estatal le asiste  un derecho constitucional a defenderse por derecho propio siempre que dicha decisión la tome voluntaria e inteligentemente.  Asmimismo, estableció que el Estado no puede forzarlo a retener a un abogado cuando éste insiste en proceder *pro se*.[5]  Ahora bien, aclaró que es deber del tribunal advertirle al acusado que insiste en defenderse a sí mismo sobre las consecuencias y los peligros de la auto-representación.  *Id.*, a la pág. 806.

Desarrollando la norma de *Faretta*, *supra*, la Corte resolvió el caso de *McKaskle v. Wiggins*, 465 U.S. 168

---

[5]  Textualmente, la Corte se pronunció en los siguientes términos:

> [t]he Sixth Amendment does not provide merely that a defense shall be made for the accused; it grants to the accused personally the right to make his defense...Although not stated in the Amendment in so many words, the right to self-representation—to make one's own defense personally—is thus necessarily implied by the structure of the Amendment.  The right to defend is given directly to the accused; for it is he who suffers the consequences if the defense fails. *Faretta*, supra, a la pág. 819.

(1983). En éste, el Supremo federal reiteró que, de acuerdo con la Sexta Enmienda de la Constitución de Estados Unidos, todo acusado tiene derecho a auto-representarse siempre que: 1) el acusado inteligentemente y con conocimiento de causa (*knowingly and intelligently*) renuncie a su derecho a estar asistido por un abogado, y 2) el acusado es capaz y está dispuesto (*able and willing*) a respetar y seguir las reglas procesales y el protocolo de sala. *Id.*, a la pág. 173.

En el contexto del derecho estatal puertorriqueño, nuestra Constitución se expresa en un lenguaje análogo al de la federal: "[e]n todos los procesos criminales, el acusado disfrutará del derecho...a tener asistencia de abogado." Const. E.L.A., Art. II, Sec. 11, 1 L.P.R.A. Asimismo, este Tribunal ha tenido la oportunidad de resolver controversias relacionadas a la renuncia a la representación legal y el derecho a la auto-representación. En el caso normativo sobre ese particular, *Lizarríbar v. Martínez Gelpí*, 121 D.P.R. 770 (1988),[6] se discute *in extenso* el derecho a la auto-representación dentro del contexto de un caso civil. A pesar de esto último, lo allí resuelto no es incompatible con las particularidades del procedimiento penal, por lo que lo adoptamos para el caso de marras.

---

[6] En *Lizarríbar*, *supra*, este Tribunal reconoció la aplicación de *Faretta* en Puerto Rico por imperativo de la Sexta Enmienda.

En *Lizarríbar*, *supra*, siguiendo el raciocinio de *Faretta*, *supra*, y su progenie, encontramos en el lenguaje de la Ley Núm. 17 de 10 de junio de 1939, 4 L.P.R.A. § 740,[7] un reconocimiento estatutario indirecto del derecho que tiene una persona de representarse en un pleito. Del mismo modo, resolvimos que la aprobación que nuestro ordenamiento jurídico confiere al derecho a renunciar a la asistencia de abogado,[8] implica el reconocimiento del derecho a la auto-representación. *Id.*, a la pág. 784.

Ahora bien, atado a dicha conclusión expresamos el "*caveat*" de que el derecho a la auto-representación no es absoluto ni ilimitado. En consecuencia, delineamos una serie de criterios que el juzgador deberá atender al evaluar una solicitud de auto-representación legal. Estos son: 1) que la representación, como regla general, no puede ser híbrida, esto es, el acusado no debe estar representado por abogado y, a la vez, representarse por derecho propio; 2) que la decisión tiene que haber sido tomada voluntariamente, inteligente y con pleno conocimiento de causa; 3) que tiene que hacerse mediante

---

[7] La sección 7 de la Ley Núm. 17 de 10 de junio de 1939, *supra*, dispone:

> [n]inguna persona que no sea abogado autorizado por la Corte Suprema de Puerto Rico podrá dedicarse al ejercicio de la profesión de abogado, ni anunciarse como tal, ni como agente judicial, ni gestionar, **con excepción de asuntos propios**, ningún asunto judicial o cuasijudicial ante cualquier tribunal judicial...(énfasis suplido).

[8] *Véase e.g. Pueblo v. Gordon* 113 D.P.R. 106, 108 (1982).

una solicitud expresa e inequívoca al tribunal; 4) que debe ser formulada oportunamente; 5) que, además, se tomará en consideración la demora o interrupción de los procedimientos y su efecto sobre la adecuada administración de la justicia; 6) que se deberá atender el factor de la calidad de la representación que la parte habrá de procurarse, así como la complejidad de la controversia que se adjudicará; 7) que el acusado tendrá el deber de cumplir esencialmente con las reglas procesales y el derecho aplicables, aunque no se le requerirá un conocimiento técnico de éstos; 8) que el magistrado no está obligado a ilustrar al acusado acerca de esas leyes o reglas; 9) que el magistrado tampoco está obligado a nombrarle abogados asesores durante el proceso; 10) que el magistrado no tiene el deber de inquirir respecto a las razones por las cuales el acusado ha elegido la representación por derecho propio, aunque en los casos que estime convenientes podría hacerlo; y 11) que el magistrado tampoco tiene la obligación de informar al acusado de su derecho a la auto-representación.

Si tras celebrar una vista, el juzgador entiende que la solicitud del acusado no está en conflicto con estos criterios, tiene que conceder lo solicitado. Nótese que es tan fundamental este derecho del acusado a su auto-representación que su violación no es susceptible de ser considerada como error no perjudicial ("harmless error").

*Véase* Ernesto L. Chiesa Aponte, *Los derechos de los acusados y la factura más ancha*, 65 Rev. Jur. U.P.R. 83, 101 (1996).

A tenor de este marco jurídico, nos corresponde resolver si actuó correctamente el TA al confirmar la negativa del foro primario de permitirle al peticionario renunciar a la defensa del acusado, Juan Manuel Cruzado Laureano, y acceder a que éste se represente *in propria persona.*

### III

En el caso de autos, el peticionario solicitó la renuncia a la representación legal del acusado ya que alega tener diferencias de criterio con éste en cuanto a la estrategia de defensa, lo que a su vez ha provocado que se pierda la confianza que debe existir en la relación abogado-cliente. El acusado hizo eco de lo solicitado por el peticionario, e insiste en que se le reconozca su derecho a defenderse por derecho propio.

El foro recurrido, sin embargo, entendió que las mociones presentadas por el peticionario y el acusado fueron tardías, y que ninguna invocaba "hechos concretos o circunstancias específicas" que le llevaran a intervenir con la decisión del TPI. Erró el TA al así resolver.

En primer lugar, resolvemos que la solicitud de renuncia a representación legal, fechada de 27 de febrero de 2004, fue oportunamente presentada por el

peticionario. Adviértase que el juicio en su fondo estaba pautado para el 29 de marzo de 2004,[9] por lo que la solicitud se trajo a la atención del TPI con casi un mes de antelación a la fecha del juicio. Asimismo, la solicitud del acusado a los mismos efectos se presentó el 5 de marzo de 2004; es decir, tres semanas antes de la fecha señalada para el juicio, por lo que también fue oportuna.

En cuanto al requerimiento del TPI de que se presentaran "hechos concretos o circunstancias específicas" que justificaran el relevo, resolvemos que las razones esbozadas tanto por el peticionario como por el acusado son suficientes a la luz de las particularidades del caso. Habida cuenta de que tanto el peticionario como el acusado coinciden inequívocamente en las razones e implicaciones de sus desavenencias, exigirle más especificidad en su reclamo podría resultar en la divulgación de información protegida por el privilegio abogado-cliente.

De otra parte, este caso se distingue fundamentalmente del utilizado por el TA para sustentar su decisión—*Pueblo v. Jonathan Fernández Díaz*, KLCE200300365—en que no se trata de un acusado indigente que quiere que le sustituyan su abogado de oficio. Si bien es cierto que, como dijo el TA citando a *Pueblo v. Pardo Toro*, *supra*, "el derecho a asistencia de abogado no

---

[9] *Véase* Apéndice, a la pág. 16.

quiere decir el derecho a la asistencia de un abogado particular," es otra la situación cuando el acusado solicita la renuncia de su abogado para proceder a defenderse por derecho propio. Ello así toda vez que, aunque no existe el derecho a que a un acusado indigente se le asigne el abogado de su predilección, sí existe el derecho a que **todo acusado** se auto-represente siempre que cumpla con los requisitos jurisprudenciales detallados en el acápite anterior, y el tribunal así lo reconozca.

Si aplicamos los criterios de *Lizarríbar*, *supra*, tenemos que concluir que el TPI abusó de su discreción al no permitirle al acusado ejercer su derecho constitucional a auto-representarse. Primeramente, surge de autos que la decisión del acusado de defenderse a sí mismo fue una informada e inteligente, y que se comunicó de manera expresa e inequívoca al tribunal de instancia. Tras estudiar el expediente no encontramos prueba que apunte a que la decisión se tomó involuntariamente y bajo presión o amenaza. Incide además en nuestra conclusión el hecho de que no estamos ante un acusado analfabeto o iliterato.[10]

Segundo, como expresáramos anteriormente, la petición fue presentada oportunamente. Además, el acusado ha manifestado estar preparado para ver el caso

---

[10] Es preciso señalar que el acusado posee un Bachillerato en Artes con concentración en Educación en Matemáticas, que fue maestro de matemáticas a nivel secundario por espacio de seis (6) años, y administró un negocio por más de veinte (20) años.

*pro se*, por lo que conceder lo solicitado no debe atrasar inaceptablemente los procesos.

Tercero, el acusado ha demostrado tener la capacidad para representarse, ya que anteriormente lo ha hecho en otros procedimientos. Por ejemplo, surge de autos que el señor Cruzado Laureano se representó a sí mismo ante la Comisión para Ventilar Querellas Municipales, el Tribunal de Apelaciones e incluso ante este Tribunal. *Véase In re Investigación en torno a Juan M. Cruzado Laureano*, res. el 25 de febrero de 2003, 158 D.P.R. ____ (2003), 2003 T.S.P.R. 21, 2003 J.T.S. 18. Por tanto, aunque el acusado no tiene un conocimiento técnico de las reglas procesales y el derecho aplicable—conocimiento propio de un profesional del Derecho—sí ha demostrado que tiene la capacidad para cumplir satisfactoriamente con éstas, que es todo lo que tanto la Corte Suprema federal como este Tribunal han reconocido como suficiente para la representación por derecho propio.

Por último, el acusado no ha solicitado una representación híbrida; o sea, no desea estar representado por un abogado y simultáneamente auto-representarse. Tampoco solicita que se le asigne un abogado de su preferencia. El señor Cruzado Laureano ***lo que solicita es que se le permita prescindir de la defensa que él contrató para proceder a representarse a sí mismo***.

Estando presente todas estas circunstancias, es inconcebible insistir en que el peticionario y el acusado mantengan una relación profesional que ya no le sirve bien a ninguno de ellos. Como expresara la Corte Suprema en *Faretta v. California*, *supra*, a las págs. 820-821:

> [t]he language and spirit of the Sixth Amendment contemplate that counsel, like other defense tools guaranteed by the Amendment, ***shall be an aid to a willing defendant—not an organ of the State interposed between an unwilling defendant and his right to defend himself personally. To thrust counsel upon the accused, against his considered wish, thus violates the logic of the Amendment***. In such a case, counsel is not an assistant, but a master; and the right to make a defense is stripped of the personal character upon which the Amendment insists...***An unwanted counsel 'represents' the defendant only through a tenuous and unacceptable legal fiction.*** Unless the accused has acquiesced in such representation, the defense presented is not the defense guaranteed him by the Constitution, for, in a very real sense, it is not his defense (énfasis suplido).

En mérito de lo anterior, se expide el auto y se revoca la decisión recurrida. Se devuelve el caso al TPI para que continúen los procedimientos de conformidad con esta Opinión.

Se dictará Sentencia de Conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Recurrido

       v.                        CC-2004-0342    Certiorari

Juan Manuel Cruzado Laureano

    Peticionario

SENTENCIA

San Juan, Puerto Rico, a 24 de mayo de 2004.

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte integrante de la presente, se expide el auto y se revoca la decisión recurrida. Se devuelve el caso al Tribunal de Primera Instancia para que continúen los procedimientos de conformidad con esta Opinión.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. Los Jueces Asociados señores Hernández Denton y Fuster Berlingeri no intervinieron.

Patricia Otón Olivieri
Secretaria del Tribunal Supremo