El Pueblo de Puerto Rico, recurrido, *v.* Juan Manuel Cruzado Laureano, peticionario.

*Número:* CC-2004-0342 *Resuelto:* 24 de mayo de 2004

*Ivette Aponte Nogueras*, abogada de la parte recurrida; *Venancio Santana Rabell*, abogado de la parte peticionaria e interventora.

PER CURIAM:

(Regla 50)

I

El 27 de febrero de 2004 el aquí peticionario, Lcdo. Benancio Santana Rabell (el peticionario), abogado del Sr. Juan Manuel "Mane" Cruzado Laureano (acusado o señor Cruzado Laureano), presentó ante el Tribunal de Primera Instancia (TPI), Sala Superior de Bayamón, una Moción de Renuncia de Representación Legal. Mediante esa comparecencia, el peticionario expresó al foro primario su deseo de que se le relevara de la defensa del señor Cruzado Laureano, acusado en *Pueblo v. Juan M. Cruzado Laureano*, Criminal Núm. D LE2003G0765, D FP2003G0064 AL 0067. Expresó como fundamentos para su petición que: (1) surgieron diferencias entre el abogado y el acusado en

cuanto a cómo llevar la defensa; (2) el acusado solicitó su renuncia y la devolución del expediente, y (3) se perdió la confianza que debe existir en una relación entre abogado y cliente.

Posteriormente, el 5 de marzo de 2004, el señor Cruzado Laureano presentó un escrito titulado Moción Solicitando que se Releve al Lcdo. Benancio Santana Rabell de este Caso,(1) en el cual reprodujo las razones que adujo el peticionario para que se le permitiera renunciar a la defensa.

Con motivo de atender las mociones presentadas, el TPI citó a las partes a una vista a celebrarse el 12 de marzo de 2004. En esa vista, el acusado reiteró su deseo de que se relevara al peticionario del caso, ya que se había perdido la confianza entre abogado y cliente, y solicitó que se le permitiera defenderse por derecho propio. No obstante, el TPI denegó ambas peticiones.

El 17 de marzo de 2004, el peticionario presentó oportunamente una moción de reconsideración ante el TPI, la cual fue declarada "no ha lugar". De esa denegatoria, el peticionario acudió ante el Tribunal de Apelaciones (TA) mediante una petición de *certiorari* y una Moción en Auxilio de Jurisdicción. El TA se negó a expedir el auto solicitado mediante Resolución de 29 de marzo de 2004. El 31 de marzo de 2004, el peticionario presentó una Moción de Reconsideración, la cual fue denegada ese mismo día.

El TA resolvió, en síntesis, que la renuncia se presentó tardíamente y que no se invocaron hechos concretos o circunstancias específicas que justificaran la remoción del licenciado Santana Rabell como abogado del acusado. Asimismo, sustentó lo resuelto refiriéndose a otra decisión del TA, *Pueblo v. Jonathan Fernández Díaz*, KLCE200300365, donde no se le permitió a una abogada de la Sociedad de Asistencia Legal renunciar a la defensa de un acusado indigente que insistía en que le *cambiaran* su representación

---

(1) Véase Apéndice, pág. 17.

legal.(²) Dicho foro resolvió en ese caso, *inter alia*, que la percepción que un acusado indigente pueda tener sobre la efectividad de su abogado de oficio, sin una base racional en la cual fundarse, no es una preocupación que se puede atender con sustituir al abogado. Además, citando a *Pueblo v. Pardo Toro*, 90 D.P.R. 635, 649 (1982), el TA recalcó que "[e]l derecho a asistencia de abogado no quiere decir el derecho a la asistencia de un abogado en particular ...".

El 31 de marzo de 2004, pendiente aún la Moción de Reconsideración presentada por el peticionario ante el TA,(³) el TPI celebró una vista de seguimiento. El acusado solicitó dirigirse al tribunal, lo que se le negó. El juez de instancia le indicó que si deseaba dirigirse al tribunal debía hacerlo a través de su abogado. Así, el juez dejó citados a los testigos y a las partes para juicio el 3 de mayo de 2004. Además, apercibió al acusado que de no acudir se vería el juicio en su ausencia. El acusado se dirigió al tribunal y manifestó que no se presentaría al juicio porque se le estaba imponiendo una representación legal no deseada, y le expresó al peticionario que no lo autorizaba a dirigirse al tribunal en representación suya.

El 22 de abril de 2004, el peticionario acudió ante nos mediante una "Petición de *certiorari*", y formuló el señalamiento de error siguiente:

> *Erró el Honorable Tribunal de Apelaciones al no permitir el relevo de representación legal del abogado; solicitado por el señor acusado para éste representarse por derecho propio y por haberse perdido la confianza que debe existir en una relación entre abogado y cliente.* Petición de *certiorari*, pág. 4.

En vista de que la fecha señalada para juicio se aproximaba, ese mismo día (22 de abril 2004) el peticionario presentó ante nos una Moción en Auxilio de Jurisdicción y Solicitando la Paralización de los Procedimientos en el Tri-

---

(²) Adviértase que la solicitud en ese caso se presentó en la mañana del día señalado para el juicio.

(³) El Tribunal de Apelaciones (TA) denegó esta moción ese mismo día.

bunal de Primera Instancia. Mediante Resolución de 27 de abril de 2004, ordenamos la paralización de los procedimientos ante el TPI hasta tanto otra cosa dispusiese este Tribunal.

En virtud de la Regla 50 de nuestro Reglamento, 4 L.P.R.A. Ap. XXI-A, resolvemos.

## II

■ La Sexta Enmienda de la Constitución de Estados Unidos de América establece el derecho de todo acusado a estar representado por un abogado en toda causa criminal que se lleve en su contra.([4]) Emda. VI, Const. EE. UU., L.P.R.A., Tomo 1. En vista de que este derecho —al igual que los demás derechos a favor del acusado establecidos por la citada enmienda— es básico para el buen funcionamiento del sistema de justicia criminal, es parte del debido procedimiento de ley que garantiza la Decimocuarta Enmienda. *Faretta v. California*, 422 U.S. 806, 818 (1975) (*Faretta*); *Pueblo v. Amparo*, 146 D.P.R. 467, 472 (1998).

■ Como corolario del derecho a asistencia de abogado, la Corte Suprema de Estados Unidos ha atendido controversias relacionadas con la renuncia de un acusado a este derecho. Sobre este particular, ese alto foro emitió en 1975 la normativa decisión *Faretta*. En ese caso, el señor Faretta fue acusado y sometido a un procedimiento criminal por el delito de hurto mayor (*grand theft*) ante el Tribunal Superior del condado de Los Ángeles, California. A varias semanas de la fecha del juicio, el acusado solicitó representarse por derecho propio. El juez de instancia, luego de una determinación preliminar favorable, decidió denegar lo solicitado ya que entendió que el señor Faretta no tomó una decisión inteligente y con pleno conocimiento

---

([4]) El texto constitucional dispone, en su parte pertinente:

"In all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defence." 1 U.S.C. Amend. VI.

de todo lo que implicaba. Además, resolvió que al acusado no le cobijaba el derecho constitucional a la autorrepresentación. La Corte Suprema federal revocó y resolvió que a todo acusado ante un tribunal de justicia estatal le asiste el derecho constitucional a defenderse por derecho propio, siempre que esa decisión la tome voluntaria e inteligentemente. Asmimismo, estableció que el Estado no puede forzarlo a retener a un abogado cuando éste insiste en proceder *pro se.*[5] Ahora bien, aclaró que es deber del tribunal advertirle al acusado que insiste en defenderse a sí mismo sobre las consecuencias y los peligros de la autorrepresentación. Íd., pág. 806.

■ Desarrollando la norma de *Faretta*, la Corte resolvió el caso *McKaskle v. Wiggins*, 465 U.S. 168, 173 (1984), en el cual reiteró que, de acuerdo con la Sexta Enmienda de la Constitución de Estados Unidos, todo acusado tiene derecho a representarse siempre que: (1) el acusado inteligentemente y con conocimiento de causa (*knowingly and intelligently*) renuncie a su derecho a estar asistido por un abogado, y (2) el acusado es capaz y está dispuesto (*able and willing*) a respetar y seguir las reglas procesales y el protocolo de sala.

En el contexto del derecho estatal puertorriqueño, nuestra Constitución se expresa en un lenguaje análogo al de la federal: "En todos los procesos criminales, el acusado disfrutará del derecho ... a tener asistencia de abogado ...." Art. II, Sec. 11, Const. E.L.A., L.P.R.A., Tomo 1, 1999, pág. 327. Asimismo, este Tribunal ha tenido la oportunidad de resolver controversias relacionadas a la renuncia a la re-

---

[5] Textualmente, la Corte se pronunció en los términos siguientes:

"The Sixth Amendment does not provide merely that a defense shall be made for the accused; it grants to the accused personally the right to make his defense. ... Although not stated in the Amendment in so many words, the right to self-representation —to make one's own defense personally— is thus necessarily implied by the structure of the Amendment. The right to defend is given directly to the accused; for it is he who suffers the consequences if the defense fails." *Faretta v. California*, 422 U.S. 806, 819 (1974).

presentación legal y el derecho a la autorrepresentación. En el caso normativo sobre ese particular, *Lizarríbar v. Martínez Gelpí*, 121 D.P.R. 770 (1988) *(Lizarríbar)*,[6] se discute *in extenso* el derecho a la autorrepresentación dentro del contexto de un caso civil. A pesar de esto último, lo allí resuelto es compatible con las particularidades del procedimiento penal, por lo que lo adoptamos para el caso de marras.

■ En *Lizarríbar*, supra, siguiendo el raciocinio de *Faretta*, supra, y su progenie, encontramos en el lenguaje de la Sec. 7 de la Ley Núm. 17 de 10 de junio de 1939 (4 L.P.R.A. sec. 740),[7] un reconocimiento estatutario indirecto del derecho que tiene una persona de representarse en un pleito. Del mismo modo, resolvimos que la aprobación que nuestro ordenamiento jurídico confiere al derecho a renunciar a la asistencia de un abogado[8] implica el reconocimiento del derecho a la autorrepresentación. *Lizarríbar*, supra, pág. 784.

■ Ahora bien, atado a esa conclusión expresamos el "caveat" de que el derecho a la autorrepresentación no es ilimitado ni absoluto. En consecuencia, delineamos una serie de criterios que el juzgador deberá atender al evaluar una solicitud de autorrepresentación legal: (1) que la representación, como regla general, no puede ser híbrida, esto es, el acusado no debe estar representado por abogado y, a la vez, representarse por derecho propio; (2) que la decisión tiene que haberse tomado voluntaria e inteligen-

---

[6] Aquí este Tribunal reconoció la aplicación de *Faretta*, supra, en Puerto Rico por imperativo de la Sexta Enmienda.

[7] La Sec. 7 de la Ley Núm. 17 de 10 de junio de 1939 dispone:

"... Ninguna persona que no sea abogado autorizado por la Corte Suprema de Puerto Rico podrá dedicarse al ejercicio de la profesión de abogado, ni anunciarse como tal, ni como agente judicial, ni gestionar, *con excepción de asuntos propios*, ningún asunto judicial o cuasi judicial ante cualquier tribunal judicial ...." (Énfasis suplido.) 1939 Leyes de Puerto Rico 51, 55.

[8] Véase, *e.g., Pueblo v. Gordon*, 113 D.P.R. 106, 108 (1982).

temente, y con pleno conocimiento de causa; (3) que tiene que hacerse mediante una solicitud expresa e inequívoca al tribunal; (4) que se debe formular oportunamente; (5) que, además, se tomará en consideración la demora o interrupción de los procedimientos y su efecto sobre la adecuada administración de la justicia; (6) que se deberá atender el factor de la calidad de la representación que la parte habrá de procurar, así como la complejidad de la controversia que se adjudicará; (7) que el acusado tendrá el deber de cumplir esencialmente con las reglas procesales y con el derecho aplicables, aunque no se le requerirá un conocimiento técnico de éstos; (8) que el magistrado no está obligado a ilustrar al acusado acerca de esas leyes o reglas; (9) que el magistrado tampoco está obligado a nombrarle abogados asesores durante el proceso; (10) que el magistrado no tiene el deber de inquirir respecto a las razones por las cuales el acusado ha elegido la representación por derecho propio, aunque en los casos que estime convenientes podría hacerlo, y (11) que el magistrado tampoco tiene la obligación de informar al acusado de su derecho a la autorrepresentación.

■ Si tras celebrar una vista el juzgador entiende que la solicitud del acusado no está en conflicto con estos criterios, tiene que conceder lo solicitado. Nótese que este derecho es tan fundamental que su violación no es susceptible de ser considerada como error no perjudicial (*harmless error*). Véase E.L. Chiesa Aponte, *Los derechos de los acusados y la factura más ancha*, 65 (Núm. 1) Rev. Jur. U.P.R. 83, 101 (1996).

A tenor de este marco jurídico, nos corresponde resolver si actuó correctamente el TA al confirmar la negativa del foro primario de permitirle al peticionario renunciar a la defensa del acusado, Juan Manuel Cruzado Laureano, y acceder a que éste se represente *in propria persona*.

## III

En el caso de autos, el peticionario solicitó renunciar a la representación legal del acusado, ya que alega tener diferencias de criterio con éste en cuanto a la estrategia de defensa, lo que a su vez ha provocado que se pierda la confianza que debe existir en la relación abogado-cliente. El acusado hizo eco de lo que solicitó el peticionario e insiste en que se le reconozca su derecho a defenderse por derecho propio.

El foro recurrido, sin embargo, entendió que el peticionario y el acusado presentaron sus mociones tardíamente, y que ninguna invocaba "hechos concretos o circunstancias específicas" que le llevaran a intervenir con la decisión del TPI. Erró el TA al así resolver.

En primer lugar, resolvemos que el peticionario presentó oportunamente la solicitud de renuncia a representación legal el 27 de febrero de 2004. Adviértase que el juicio en su fondo estaba pautado para el 29 de marzo de 2004,[9] por lo que la solicitud se trajo a la atención del TPI con casi un mes de antelación a la fecha del juicio. Asimismo, la solicitud del acusado a los mismos efectos se presentó el 5 de marzo de 2004; es decir, tres semanas antes de la fecha señalada para el juicio, por lo que también fue oportuna.

En cuanto al requerimiento del TPI de que se presentaran "hechos concretos o circunstancias específicas" que justificaran el relevo, resolvemos que las razones esbozadas tanto por el peticionario como por el acusado son suficientes a la luz de las particularidades del caso. Habida cuenta de que tanto el peticionario como el acusado coinciden inequívocamente en las razones e implicaciones de sus desavenencias, exigirle más especificidad en su reclamo podría resultar en la divulgación de información protegida por el privilegio abogado-cliente.

---

[9] Véase Apéndice, pág. 16.

De otra parte, este caso se distingue fundamentalmente del que utilizó el TA para sustentar su decisión —*Pueblo v. Jonathan Fernández Díaz*, KLCE200300365— en que no se trata de un acusado indigente que quiere que le sustituyan su abogado de oficio. Si bien es cierto que, como dijo el TA citando a *Pueblo v. Pardo Toro*, supra, pág. 649, "el derecho a asistencia de abogado no quiere decir el derecho a la asistencia de un abogado particular", es otra la situación cuando el acusado solicita la renuncia de su abogado para proceder a defenderse por derecho propio. Esto es así toda vez que, aunque no existe el derecho a que a un acusado indigente se le asigne el abogado de su predilección, sí existe el derecho a que *todo acusado* se autorreprese siempre que cumpla con los requisitos jurisprudenciales detallados en el acápite anterior, y el tribunal así lo reconozca.

Si aplicamos los criterios de *Lizarríbar*, supra, tenemos que concluir que el TPI abusó de su discreción al no permitirle al acusado ejercer su derecho constitucional a representarse. Primeramente, surge de los autos que la decisión del acusado de defenderse a sí mismo fue informada e inteligente, y que se comunicó de manera expresa e inequívoca al tribunal de instancia. Tras estudiar el expediente no encontramos prueba que apunte a que la decisión se tomó en contra de la voluntad y bajo presión o amenaza. Incide además en nuestra conclusión el hecho de que no estamos ante un acusado analfabeto o iliterato.[10]

Segundo, como expresáramos anteriormente, la petición se presentó oportunamente. Además, el acusado ha manifestado estar preparado para ver el caso *pro se,* por lo que conceder lo solicitado no debe atrasar inaceptablemente los procesos.

Tercero, el acusado ha demostrado tener la capacidad

---

[10] Es preciso señalar que el acusado posee un Bachillerato en Artes con concentración en Educación en Matemáticas, que fue maestro de matemáticas a nivel secundario por espacio de seis años y que administró un negocio por más de veinte años.

para representarse, ya que anteriormente lo ha hecho en otros procedimientos. Por ejemplo, surge de autos que el señor Cruzado Laureano se representó a sí mismo ante la Comisión para Ventilar Querellas Municipales, el Tribunal de Apelaciones e incluso ante este Tribunal. Véase *In re Invest. ex Alcalde Vega Alta*, 158 D.P.R. 666 (2003). Por lo tanto, aunque el acusado no tiene un conocimiento técnico de las reglas procesales y del derecho aplicable —conocimiento propio de un profesional del Derecho— sí ha demostrado que tiene la capacidad para cumplir satisfactoriamente con éstas, que es todo lo que tanto la Corte Suprema federal como este Tribunal han reconocido como suficiente para la representación por derecho propio.

Por último, el acusado no ha solicitado una representación híbrida; o sea, no desea estar representado por un abogado y, simultáneamente, autorrepresentarse. Tampoco solicita que se le asigne un abogado de su preferencia. El señor Cruzado Laureano *lo que solicita es que se le permita prescindir de la defensa que él contrató para proceder a representarse a sí mismo.*

Estando presente todas estas circunstancias, es inconcebible insistir en que el peticionario y el acusado mantengan una relación profesional que ya no le sirve bien a ninguno de ellos. Como expresara la Corte Suprema en *Faretta*, supra, págs. 820–821:

> The language and spirit of the Sixth Amendment contemplate that counsel, like the other defense tools guaranteed by the Amendment, *shall be an aid to a willing defendant—not an organ of the State interposed between an unwilling defendant and his right to defend himself personally. To thrust counsel upon the accused, against his considered wish, thus violates the logic of the Amendment.* In such a case, counsel is not an assistant, but a master; and the right to make a defense is stripped of the personal character upon which the Amendment insists. ... *An unwanted counsel "represents" the defendant only through a tenuous and unacceptable legal fiction.* Unless the accused has acquiesced in such representation, the defense presented is not the defense guaranteed him by the Constitution, for, in a very real sense, it is not his defense

(Énfasis en el original suprimido, énfasis suplido y escolio omitido.)

En mérito de lo anterior, *se expide el auto y se revoca la decisión recurrida. Se devuelve el caso al TPI para que continúen los procedimientos en conformidad con esta opinión.*

*Se dictará sentencia de conformidad.*

Los Jueces Asociados Señores Hernández Denton y Fuster Berlingeri no intervinieron.