ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VIII

| | | |
|---|---|---|
| MAICO PROPERTIES, LLC.<br><br>Parte Recurrida<br><br><br>v.<br><br><br>ROSA IVETTE RODRÍGUEZ PINTO, NILDA RODRÍGUEZ RAMÍREZ, JULIO PÉREZ RODRÍGUEZ, **VÍCTOR PEREZ RODRÍGUEZ**<br><br>Parte Peticionaria | KLAN202301106 | *Apelación acogida como certiorari,* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.: GB2020CV00655<br><br>Sala: 506<br><br>Sobre: División de Comunidad de Bienes |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y el Juez Cruz Hiraldo.

Monge Gómez, Juez Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 23 de enero de 2024.

Compareció ante este Tribunal la parte peticionaria, el Sr. Víctor Pérez Rodríguez (en adelante, el "señor Pérez Rodríguez" o el "Peticionario"), mediante un mal denominado recurso de apelación, el cual posteriormente acogimos como un auto de *certiorari* mediante *Resolución* de 13 de diciembre de 2023. Nos solicitó la revocación de la *Orden* emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón (en adelante, el "TPI"), el 2 de noviembre de 2023, notificada y archivada en autos el 6 de mismo mes y año, en la que dejó sin efecto una vista pautada para el 7 de noviembre de 2023.

Por los fundamentos que expondremos a continuación, *expedimos* el auto de *certiorari* y *revocamos* la *Orden* recurrida.

**I.**

El presente recurso tiene su génesis el 23 de octubre de 2020, con la presentación de una "**Demanda**" de división de comunidad de bienes hereditaria por parte de Julio E. Rodríguez Vázquez, Ivette M. Rodríguez

Número Identificador
SEN2024_____

Vázquez, Carlos M. Rodríguez Ramírez[1] y Ada D. Rodríguez Ramírez, en contra de Rosa I. Rodríguez Pinto, Nilda Rodríguez Ramírez, Julio Pérez Rodríguez y Víctor Pérez Rodríguez.[2] Alegaron ser dueños en común proindiviso de cierta propiedad inmueble comercial sita en el Municipio de Guaynabo, la cual interesaban dividir y liquidar. Informaron que el Sr. Efraín Díaz Burgos, presidente de Maico Properties, LLC, (en adelante, el "señor Díaz Burgos", "Maico" o el "Recurrido") estaba dispuesto a comprar la propiedad e interesaba que se le hiciera un ofrecimiento por parte de todos los dueños del inmueble y poder negociar un precio de venta.

Luego de varios incidentes procesales, entre los cuales se encontró el diligenciamiento del emplazamiento por edicto del señor Pérez Rodríguez y una moción conjunta en la cual se expusieron las condiciones de la venta, el 17 de mayo de 2022 las partes presentaron "**Moción en Conjunto Informando Estipulación**".[3] Allí expusieron que luego de transcurrido el tiempo pactado para el mercadeo de la propiedad, las partes recibieron varias ofertas para la compra del inmueble en controversia. Posterior a discutir las ofertas sometidas y de negociar el precio con los ofertantes, las partes le sometieron al foro recurrido el acuerdo finiquitado intitulado "Contrato de Promesa Bilateral de Compraventa de Bien Inmueble", a los fines de que éste le impartiere su aprobación.

Entre los acuerdos arribados, indicaron que aceptaron la oferta de Maico por la suma de $1,700,000.00 y que fijaron un depósito por la cantidad de $85,000.00, el cual sería acreditado al precio de venta de la propiedad y distribuido entre éstos en sus respectivas cuotas, quedando consignado ante el TPI hasta la fecha del cierre. Asimismo, las partes se comprometieron a suscribir una escritura de compraventa y a que, una vez aprobada la misma, se sometieran al foro primario los costos que la transacción conllevara para cada comunero, así como la distribución final

---

[1] La Sra. Virginia Carrión Flores fue designada como Defensora Judicial del co-demandante, Carlos Rodríguez Ramírez. *Véanse*, Entradas Núm. 29 y 30 de SUMAC.

[2] Julio Pérez Rodríguez y Rosa Rodríguez Pinto renunciaron al diligenciamiento del emplazamiento, conforme la Regla 4.5 de Procedimiento Civil, 32 LPRA Ap. V. *Véase*, Entrada Núm. 4 de SUMAC.

[3] *Véase*, Entrada Núm. 32 de SUMAC.

que correspondiera a cada uno, según sus respectivas cuotas de participación en el inmueble.

Así pues, solicitaron al tribunal de instancia que dictara sentencia, convirtiendo el acuerdo en un contrato con aprobación judicial. Conforme lo anterior, el 20 de mayo de 2022, enmendada *nunc pro tunc* el 5 de julio de 2022, el TPI emitió una *Sentencia* en la que aprobó los términos allí expresados, **sujeto al fiel y estricto cumplimiento de todas las partes con los compromisos, obligaciones y estipulaciones que entre sí y que ante el tribunal asumieron**. De igual forma, apercibió que "el incumplimiento de las obligaciones acordadas dará lugar a las medidas y procedimientos también acordados para el caso de incumplimiento de lo pactado, más cualquier otra medida o sanción que el Tribunal pueda entender apropiada conforme al incumplimiento, sus circunstancias y el derecho aplicable".[4] En cumplimiento con la *Sentencia*, el 24 de mayo de 2022, las partes consignaron el depósito de $85,000.00, según acordado.

El 23 de julio de 2022, Maico adquirió la totalidad de las participaciones de las cuotas abstractas de la parte demandante para un 53. 3333333%, mediante el otorgamiento de cuatro (4) escrituras públicas.[5] Posteriormente, el 6 de diciembre de 2022, el señor Pérez Rodríguez presentó, por derecho propio, "**Moción en Solicitud de Desembolso de Fondos Consignados**". Informó que el 1 de diciembre de 2022 vendió su participación a Maico, a lo cual adjuntó copia de la Escritura Núm. 20 sobre Compraventa de Participación de Cuota Abstracta Proindiviso, otorgada ante el notario público Luis Enrique Cabán Muñiz.[6] En vista de ello, solicitó la suma de $8,500.00 correspondiente al pronto consignado el 24 de mayo de 2022. No empece lo anterior, el foro recurrido emitió una *Orden* el 7 de diciembre de 2022, en la que concedió un término de quince (15) días a la parte demandante y demandada para presentar su posición. Ello puesto a que no surgía del expediente la participación del Peticionario.

---

[4] *Véase*, *Sentencia* y *Sentencia Enmendada*, Entradas Núm. 33 y 39, respectivamente, de SUMAC.
[5] *Véase*, Entrada Núm. 42 de SUMAC.
[6] *Véase*, Entrada Núm. 55 de SUMAC.

Luego de varios sucesos procesales impertinentes, el 26 de mayo de 2023, Maico presentó "**Moción en Cumplimiento de Orden**".[7] En la misma sostuvo que estaba de acuerdo con la solicitud del señor Pérez Rodríguez, en cuanto a que los fondos consignados fueran retirados. Expresamente indicó que la cuantía a la cual tenía derecho era de $8,500.00.

El 1 de agosto de 2023, el señor Pérez Rodríguez presentó "**Respuesta al Tribunal sobre la Respuesta del Abogado Luis Cabán Mu[ñí]z Maico Properties LLC Fechada el 27 de mayo de 2023**".[8] En síntesis, reclamó la devolución de $3,800.00 que, alegadamente, fueron retenidos por el Lcdo. Luis Cabán Muñiz, por cierta Declaratoria de Herederos presentada ante el Tribunal. Asimismo, solicitó el reembolso de los gastos de cierre según surgía en el acuerdo de la venta original y, por último, que se cumpliera con la *Sentencia* de 20 de mayo de 2022, enmendada *nunc pro tunc* el 5 de julio de 2022. El TPI emitió una *Orden* en la misma fecha en la que ordenó al Peticionario a comparecer mediante representación legal. Ante tal dictamen, el 1 de agosto de 2023, el señor Pérez Rodríguez presentó una moción en la que requirió que se le permitiera comparecer por derecho propio.[9]

En vista de lo anterior, el foro *a quo* emitió una *Orden* el 9 de agosto de 2023 en la que declaró "No Ha Lugar" la moción por derecho propio, pues la misma no cumplió con la notificación requerida a todas las partes, de conformidad con nuestro ordenamiento jurídico. A tono con ello, ordenó el cumplimiento con la *Orden* de 1 de agosto de 2023. Entiéndase, que el Peticionario compareciere representado por un abogado. Sin embargo, el 23 de agosto de 2023 el señor Pérez Rodríguez presentó nuevamente una moción en la cual reiteró su solicitud de comparecer por derecho propio.

Por tal motivo, el 25 de agosto de 2023 el foro recurrido citó a las partes a una vista el 7 de noviembre de 2023 **para determinar si procedía la litigación por derecho propio del señor Pérez Rodríguez**. Así las

---

[7] *Véase*, Entrada Núm. 75 de SUMAC.
[8] *Véase*, Entrada Núm. 93 de SUMAC.
[9] *Véase*, Entrada Núm. 95 de SUMAC.

cosas, el 6 de noviembre de 2023 el tribunal de instancia emitió una *Orden* en la que dejó sin efecto la vista señalada, por el caso contar con una *Sentencia* final y firme, y de la cual no se presentó reconsideración ni recurso de apelación.

Inconforme con tal determinación, el 10 de noviembre de 2023, el Peticionario presentó "**Moción para Programar una Audiencia por Incumplimiento del Contrato de Venta y en Descontinuación de una Orden Judicial**".[10] Allí, solicitó que se señalara una vista sobre el acuerdo establecido en el "Contrato de Promesa Bilateral de Compraventa de Bien Inmueble" y la *Sentencia* emitida en el caso. Además, reiteró su solicitud de auto representarse y la devolución de los $3,8000.00. Finalmente, el foro de instancia emitió una *Orden* el 10 de noviembre de 2023 en la que dispuso: "Nada que proveer. El caso tiene una Sentencia Final".

En desacuerdo con tal proceder, el señor Pérez Rodríguez presentó el recurso ante nuestra consideración mediante el cual solicitó que se deje sin efecto la *Orden* del 10 de noviembre de 2023 y que se le conceda la oportunidad de exponer su posición.

El 13 de diciembre de 2023, emitimos una *Resolución* en la que acogimos el recurso como una petición de *certiorari* y concedimos un término de diez (10) días a la Recurrida para presentar su alegato en oposición.

El 19 de enero de 2024, Maico presentó "**Alegato en Oposición a Certiorari**".

Con el beneficio de la comparecencia de ambas partes, procedemos a resolver.

**II.**

**A.**

El auto de *certiorari* es el recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior. <u>McNeil Healthcare v. Mun. Las Piedras I</u>, 206 DPR

---

[10] *Véase*, Entrada Núm. 107 de SUMAC. Adicional, en misma fecha el señor Pérez Rodríguez presentó "**Moción**" y "**Moción en Solicitud de Retiro de Fondos Bajo la Ley Núm. 69 de 14 de agosto de 1991**", *véase* Entradas Núm. 108 y 109 de SUMAC.

391, 403 (2021). La característica distintiva de este recurso se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. Rivera *et. al.* v. Arcos Dorados *et al.*, 2023 TSPR 65, 212 DPR ___ (2023). Así, este solo se expedirá luego de justipreciar los criterios establecidos en la Regla 40 de nuestro Reglamento, 4 LPRA Ap. XXII-B, R. 40, y en aquellas instancias específicas que delimita la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1. A esos efectos, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, limita la autoridad de este Tribunal de Apelaciones para revisar las órdenes y resoluciones interlocutorias que dictan los tribunales de instancia por medio del recurso discrecional del *certiorari*. En lo pertinente, la precitada disposición reglamentaria, *supra*, dispone que:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable la justicia, al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. Íd.

Con el fin de que podamos ejercer de una manera sensata nuestra facultad discrecional de entender o no en los méritos de los asuntos que son planteados mediante el recurso, la Regla 40 de nuestro Reglamento, 4 LPRA Ap. XXII-B, señala los criterios que debemos considerar al atender una solicitud de expedición de un auto de *certiorari*.

Dentro de este marco, el análisis del foro apelativo intermedio –al momento de considerar los asuntos planteados mediante el recurso de *certiorari*– no se efectúa en el vacío ni se aparta de otros parámetros. Rivera *et. al.* v. Arcos Dorados *et al.*, *supra*; 800 Ponce de León v. AIG, 205 DPR 163, 176 (2020). Las delimitaciones que imponen estas disposiciones reglamentarias tienen como objetivo intrínseco prevenir la "dilación que

causaría la revisión judicial de controversias que pueden esperar a ser planteadas a través del recurso de apelación". Mun. Aut. De Caguas v. JRO Construction, Inc. *et al.,* 201 DPR 703, 712 (2019). Nótese que, distinto al recurso de apelación, el auto de *certiorari*, por ser un recurso discrecional, debe ser utilizado con cautela y por razones de peso.

En ese sentido, el Tribunal Supremo de Puerto Rico reiteradamente ha indicado que la *discreción* significa tener poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción. García v. Padró, 165 DPR 324, 334 (2005). El adecuado ejercicio de la discreción judicial está "inexorable e indefectiblemente atado al concepto de la razonabilidad". Pueblo v. Ortega Santiago, 125 DPR 203, 211 (1990). Así pues, un tribunal apelativo no intervendrá con las determinaciones discrecionales de un tribunal sentenciador, a no ser que las decisiones emitidas por este último sean arbitrarias o en abuso de su discreción. S.L.G. Flores, Jiménez v. Colberg, 173 DPR 843 (2008).

**B.**

En nuestro ordenamiento jurídico el derecho a la auto representación está regulado por la Regla 9.4 de Procedimiento Civil, 32 LPRA Ap. V. Ésta dispone que, en los casos civiles ordinarios, las personas naturales podrán representarse si cumplen con los siguientes cinco (5) requisitos:

> (a) que la persona no está representada por abogado o abogada;
> (b) que la decisión de autorepresentación es voluntaria e inteligente, así como con pleno conocimiento de causa y de que la persona será tratada como cualquier otra parte representada por abogado o abogada;
> (c) que la persona puede representarse a sí misma de manera adecuada, de acuerdo a la complejidad de la controversia a adjudicarse;
> (d) que la persona tiene los conocimientos mínimos necesarios para defender adecuadamente sus intereses, cumplir con las reglas procesales y alegar el derecho sustantivo aplicable, y
> (e) que la autorrepresentación no va a causar o contribuir a una demora indebida o a una interrupción de los procedimientos, que no entorpecerá la adecuada administración de la justicia ni atentará contra la dignidad del tribunal, de las partes o de sus abogados o abogadas. 32 LPRA Ap. V, R. 9.4.

Nuestro Tribunal Supremo ha expresado que el derecho de una persona a autorepresentarse en pleitos civiles no es un derecho ilimitado, sino que deberá balancearse frente a varios criterios e intereses. Ante una petición de representación por derecho propio, los tribunales considerarán, entre otros factores, la demora, los retrasos o posibles interrupciones de los procesos judiciales y su efecto negativo sobre la administración de la justicia. Deberá considerarse la capacidad y calidad de la representación por derecho propio, así como la complejidad de la materia del litigio. Lizarríbar v. Martínez Gelpí, 121 DPR 770, 785 (1988); Pueblo v. Cruzado Laureano, 161 DPR 840 (2004). Entiéndase, el derecho a la autorrepresentación no es ilimitado ni absoluto, y el tribunal deberá asegurarse de que la persona cumple con estos requisitos a partir de su comparecencia inicial y durante todo el proceso. Lizarríbar v. Martínez Gelpí, *supra*, pág. 784; 32 LPRA Ap. V, R. 9.4. Ello puesto a que el incumplimiento con alguno de dichos requisitos será causa justificada para suspender la autorrepresentación. Íd. Adicional, la precitada Regla establece que, si en el transcurso del proceso una parte requiere comparecer representado por derecho propio, deberá solicitar autorización al tribunal y, adicional a cumplir con los requisitos antes dispuestos, satisfacer los siguientes:

> (1) que la persona ha solicitado autorepresentarse de forma oportuna, y
> (2) que la persona ha manifestado de manera expresa e inequívoca el propósito o interés de comenzar con su autorepresentación. Íd.

Por último, es norma sólidamente establecida que quien comparece por derecho propio estará sujeto a la imposición de las mismas sanciones que la Regla 9.3 del precitado cuerpo reglamentario provee para los abogados, así como las consecuencias procesales que ésta dispone. 32 LPRA Ap. V, R. 9.4.

**III.**

Surge del recurso ante nuestra consideración que el Peticionario alega que el foro de instancia incidió al dejar sin efecto la vista señalada para el 7 de noviembre de 2023, en la cual se dilucidaría su capacidad

como litigante *pro se*, conforme requiere la Regla 9.4 de Procedimiento Civil, *supra*.

Conforme hemos adelantado, el señor Pérez Rodríguez solicitó comparecer por derecho propio luego de que el 1 de agosto de 2023 el TPI le ordenara comparecer mediante representación legal. Ante su reiterada solicitud, el foro recurrido señaló una vista para el 7 de noviembre de 2023 y determinar si procedía la litigación por derecho propio del Peticionario. No obstante lo anterior, dicha vista fue dejada sin efecto mediante *Orden* de 6 de noviembre de 2023. Ello pues, el foro de instancia sostuvo que el caso contaba con una *Sentencia Enmendada* final y firme, y de la cual no se radicó reconsideración ni recurso de apelación.

Inicialmente, las solicitudes del Peticionario versaban sobre la solicitud de fondos consignados en el tribunal y en cuanto al presunto incumplimiento con la *Sentencia Enmendada*. Ante este último planteamiento y la reiterada solicitud del señor Pérez Rodríguez en acudir por derecho propio ante el foro de instancia, es que se señaló la vista del 7 de noviembre de 2023. Nótese, pues, que la misma tenía el propósito de dilucidar si procedía o no la litigación *pro se* del Peticionario. Es decir, si cumplía con los criterios establecidos en la Regla 9.4 de Procedimiento Civil, *supra*.

Por tanto, si bien es cierto que el caso cuenta con dictamen en los méritos final y firme, el Peticionario solicitó el cumplimiento de la *Sentencia Enmendada* en la cual se acogieron los acuerdos estipulados mediante un "Contrato de Promesa Bilateral de Compraventa de Bien Inmueble". En dicho dictamen, el foro de instancia expresamente dispuso que **el incumplimiento de las obligaciones acordadas dará lugar a medidas y procedimientos también acordados para el caso de incumplimiento de lo pactado, más cualquier otra medida o sanción que el foro de instancia pueda entender apropiada conforme al incumplimiento, sus circunstancias y el derecho aplicable**. Así pues, es innegable que el TPI retuvo jurisdicción para garantizar el cumplimiento con lo pactado y que se recogió mediante la *Sentencia Enmendada*.

A tono con lo anterior, procede la celebración de la vista para establecer si el señor Pérez López cumple con los requisitos establecidos en la Regla 9.4 de Procedimiento Civil, *supra*, para comparecer por derecho propio y presentar sus argumentos, indistintamente de que pleito haya advenido final y firme, pues los remedios solicitados por éste están relacionados con la manera en que alegadamente se ejecutó la *Sentencia Enmendada*.

Finalmente, Maico deberá presentar sus argumentos en cuanto a la imposición de fianza de no residente ante el foro recurrido, al amparo de la Regla 69.5 de Procedimiento Civil, 32 LPRA Ap. V, R. 69.5. Lo anterior, debido a que no hemos encontrado en el expediente del caso que existiera alguna controversia traída ante el TPI sobre dicho particular.

**IV.**

Por los fundamentos antes expuestos, los cuales hacemos formar parte integral del presente dictamen, *expedimos* el auto de *certiorari* presentado y *revocamos* la *Orden* recurrida. Se devuelve el caso al TPI para que señale una vista al amparo de la Regla 9.4 de Procedimiento Civil, *supra*, y se dilucide la procedencia de la autorepresentación del Peticionario.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones