ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VIII

| | | |
|---|---|---|
| ÁNGEL TOMÁS FRANCESCHINI BARRETO<br><br>Parte Recurrida<br><br>v.<br><br>LILLIAN VICTORIA MÁS RIVERA<br><br>Parte Peticionaria | KLCE202400146 | *Certiorari,* procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Caso Núm.: CA2023RF00812<br><br>Sala: 405<br><br>Sobre: Divorcio-Ruptura Irreparable |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y el Juez Cruz Hiraldo.

Monge Gómez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 9 de febrero de 2024.

Compareció ante este Tribunal la parte peticionaria, la Sra. Lillian Victoria Más Rivera (en adelante, la "señora Más Rivera" o la "Peticionaria"), mediante petición de *certiorari* presentada el 5 de febrero de 2024. Nos solicitó la revocación de la *Orden* emitida por el Tribunal de Primera Instancia, Sala Superior de Carolina (en adelante, el "TPI"), el 16 de enero de 2024, notificada y archivada en autos en la misma fecha. Mediante el referido dictamen, el TPI ordenó a la Peticionaria a comparecer al proceso por conducto de un representante legal, fue referida a la Sala Especializada de Violencia Doméstica para que fueran atendidos los asuntos señalados por ésta de violencia doméstica y determinó que la "**Reconvención**" sobre daños y perjuicios presentada por la Peticionaria no era de la competencia de la Sala de Relaciones de Familia.

Por los fundamentos que expondremos a continuación, *expedimos* el auto de *certiorari*, se *modifica* la *Orden* recurrida y, así modificada, se *confirma*. Asimismo, prescindimos de la comparecencia de la parte

Número Identificador:
SEN2024_____

recurrida, al amparo de la Regla 7 (B) (5) del Reglamento de este Tribunal, 4 LPRA Ap. XXII-B.

**I.**

El presente caso halla su génesis con una "**Demanda**" presentada por la parte recurrida, el Sr. Ángel Tomás Franceschini Barreto (en adelante, el "señor Franceschini Barreto" o el "Recurrido"), sobre divorcio por ruptura irreparable que interpuso en contra de la Peticionaria el 21 de noviembre de 2023. El 27 de noviembre de 2023, se expidió el correspondiente emplazamiento. El Recurrido expresó en su escrito que entre la señora Más Rivera y él surgieron diferencias irreconciliables que provocaron la ruptura irreparable de los nexos de convivencia matrimonial. Por tal razón, solicitó la disolución del vínculo matrimonial. Así las cosas, el 26 de diciembre de 2023, la Peticionaria presentó su "**Contestación a la Demanda**" mediante la cual aceptó todas las alegaciones, con excepción de la causal de divorcio, pues argumentó que la causal de divorcio aplicable a los hechos del caso era la de trato cruel. Adujo que existe un patrón de maltrato verbal, sicológico y económico por parte del señor Franceschini Barreto hacia ella. En ese mismo escrito, incorporó una "**Reconvención**" mediante la cual reclamó la cantidad de $50,000 por daños y perjuicios. Además de la "**Contestación a la Demanda**" y la "**Reconvención**", presentó una "**Moción Sobre Medidas Provisionales**" mediante la cual solicitó una pensión *pendente lite* por la cantidad de $2,113.97 mensuales para satisfacer los siguientes gastos: (1) automóvil marca Subaru, (2) cable/internet, (3) Autoridad de Energía Eléctrica, (4) Autoridad de Acueductos y Alcantarillados, (5) seguridad, (6) misceláneos y (7) comida. Asimismo, solicitó que se le ordenara al señor Franceschini Barreto a pagar la hipoteca del hogar matrimonial y que se emitiera una orden provisional de prohibición de enajenar un bote marca "Didy I". De igual forma, peticionó que se le ordenara al Recurrido a pagar las primas de los distintos seguros que tenían en común.

El 16 de enero de 2024, el foro primario emitió dos órdenes en las que señaló que la "**Reconvención**" de daños y perjuicios y las alegaciones

de violencia doméstica no son materia de la competencia de la Sala de Relaciones de Familia, por lo que fue referida a la Sala Especializada de Violencia Doméstica, en caso de que se encuentre en alguna situación de emergencia. También indicó el TPI que debía contratar representación legal, pues de los escritos se desprendía que la Peticionaria desconocía las Reglas de Procedimiento Civil y el derecho vigente en nuestra jurisdicción. Asimismo, le ordenó al Recurrido a contestar la "**Reconvención**", únicamente en cuanto a la solicitud de pensión *pendente lite* y el restante de los asuntos de la competencia de la Sala de Relaciones de Familia.

Inconforme con lo anteriormente resuelto, el 5 de febrero de 2024, la Peticionaria acudió ante este Tribunal mediante el recurso de epígrafe para solicitar que se asigne la "**Reconvención**" al mismo juez encargado de tomar las determinaciones respecto al divorcio, a la pensión de excónyuge y a la separación de los bienes. Arguyó que la separación de las causas de acción va en contra de la economía procesal y traumatiza innecesariamente a la víctima.

El 8 de febrero de 2024, la Peticionaria presentó "**Moción de Orden Provisional en Auxilio de Jurisdicción**", mediante la cual solicitó que se paralizaran la vista de divorcio mientras adjudicábamos los méritos de su recurso.

**II.**

**A.**

El auto de *certiorari* es el recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior. McNeil Healthcare v. Mun. Las Piedras I, 206 DPR 391, 403 (2021). La característica distintiva de este recurso se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. Rivera Gómez v. Arcos Dorados Puerto Rico, Inc., 2023 TSPR 65, 212 DPR __ (2023). A pesar de ser un recurso procesal excepcional y discrecional, el tribunal revisor no debe perder de vista las demás áreas del derecho. Mun. de Caguas v. JRO Construction, 201 DPR 703, 703 (2019). La Regla 52.1 de Procedimiento Civil dispone que, como

norma general, este Tribunal de Apelaciones solo expedirá dicho recurso en dos situaciones particulares, siendo estas: (1) cuando se recurra de una resolución u orden bajo las Reglas 56 y 57; o (2) cuando se recurra de la denegatoria de una moción de carácter dispositivo. 32 LPRA Ap. V, R. 52.1.

Sin embargo, como excepción a lo mencionado anteriormente, este foro apelativo intermedio podrá revisar órdenes o resoluciones interlocutorias dictadas por el TPI cuando se recurra de lo siguiente: (1) decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, (2) asuntos relativos a privilegios evidenciarios, (3) anotaciones de rebeldía, (4) en casos de relaciones de familia, y (5) en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Íd.

Así, con el objetivo de ejercer de manera prudente nuestra facultad discrecional es preciso acudir a lo dispuesto en la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40. Banco Popular de Puerto Rico v.  Gómez Alayón, 213 DPR ___ (2023); 2023 TSPR 145. Esta norma cobra mayor relevancia en situaciones en las que no hay disponibles métodos alternos para asegurar la revisión de la determinación cuestionada. Íd. A esos efectos, la referida Regla establece los siguientes criterios a evaluar:

> A.  Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos son contrarios a derecho.
>
> B.  Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C.  Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D.  Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E.  Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> F.  Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. Íd.

Nótese que, distinto al recurso de apelación, el auto de *certiorari*, por ser un recurso discrecional, debe ser utilizado con cautela y por razones de peso. Pueblo v. Díaz de León, 176 DPR 913, 918 (2009). En ese sentido, el Tribunal Supremo de Puerto Rico reiteradamente ha indicado que la *discreción* significa tener poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción. García v. Padró, 165 DPR 324, 334 (2005). También se ha definido como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". Banco Popular de Puerto Rico v. Gómez Alayon, *supra*, pág. 13. En otras palabras, el adecuado ejercicio de la discreción judicial está "inexorable e indefectiblemente atado al concepto de la razonabilidad". Pueblo v. Ortega Santiago, 125 DPR 203, 211 (1990).

**B.**

En nuestro ordenamiento jurídico el derecho a la auto representación está regulado por la Regla 9.4 de Procedimiento Civil, 32 LPRA Ap. V. Ésta dispone que, en los casos civiles ordinarios, las personas naturales podrán representarse si cumplen con los siguientes cinco (5) requisitos:

(a) que la persona no está representada por abogado o abogada;
(b) que la decisión de autorepresentación es voluntaria e inteligente, así como con pleno conocimiento de causa y de que la persona será tratada como cualquier otra parte representada por abogado o abogada;
(c) **que la persona puede representarse a sí misma de manera adecuada, de acuerdo a la complejidad de la controversia a adjudicarse**;
(d) **que la persona tiene los conocimientos mínimos necesarios para defender adecuadamente sus intereses, cumplir con las reglas procesales y alegar el derecho sustantivo aplicable, y**
(e) **que la autorrepresentación no va a causar o contribuir a una demora indebida o a una interrupción de los procedimientos, que no entorpecerá la adecuada administración de la justicia ni atentará contra la dignidad del tribunal, de las partes o de sus abogados o abogadas**.
32 LPRA Ap. V, R. 9.4 (énfasis suplido).

Nuestro Tribunal Supremo ha expresado que el derecho de una persona a autorepresentarse en pleitos civiles no es un derecho ilimitado, sino que deberá balancearse frente a varios criterios e intereses. Ante una petición de representación por derecho propio, los tribunales considerarán,

entre otros factores, la demora, los retrasos o posibles interrupciones de los procesos judiciales y su efecto negativo sobre la administración de la justicia. Deberá considerarse la capacidad y calidad de la representación por derecho propio, así como la complejidad de la materia del litigio. Lizarríbar v. Martínez Gelpí, 121 DPR 770, 785 (1988); Pueblo v. Cruzado Laureano, 161 DPR 840 (2004). Entiéndase, el derecho a la autorrepresentación no es ilimitado ni absoluto, y el tribunal deberá asegurarse de que la persona cumple con estos requisitos a partir de su comparecencia inicial y durante todo el proceso. Lizarríbar v. Martínez Gelpí, *supra*, pág. 784; 32 LPRA Ap. V, R. 9.4. Ello puesto a que el incumplimiento con alguno de dichos requisitos será causa justificada para suspender la autorrepresentación. Íd. Adicional, la precitada Regla establece que, si en el transcurso del proceso una parte requiere comparecer representado por derecho propio, deberá solicitar autorización al tribunal y, adicional a cumplir con los requisitos antes dispuestos, satisfacer los siguientes:

(1) que la persona ha solicitado autorepresentarse de forma oportuna, y
(2) que la persona ha manifestado de manera expresa e inequívoca el propósito o interés de comenzar con su autorepresentación. Íd.

Por último, es norma sólidamente establecida que quien comparece por derecho propio estará sujeto a la imposición de las mismas sanciones que la Regla 9.3 del precitado cuerpo reglamentario provee para los abogados, así como las consecuencias procesales que ésta dispone. 32 LPRA Ap. V, R. 9.4.

**III.**

En el presente caso, la Peticionaria nos solicita que revoquemos la *Orden* del TPI mediante la cual le requirió a la señora Más Rivera a comparecer al proceso por conducto de un representante legal, la refirió a la Sala Especializada de Violencia Doméstica para que solicitara los remedios que entendiera necesarios si se encontraba en una situación de peligro y concluyó que la causa de acción sobre daños y perjuicios

acumulada en la "**Reconvención**" no eran de la competencia de la Sala de Relaciones de Familia.

Tras una evaluación minuciosa del recurso ante nuestra consideración y del expediente electrónico del caso ante el TPI, concluimos que el foro a *quo* no indició ni actuó de manera arbitraria y caprichosa, en cuanto a la determinación mediante la cual le requirió a la Peticionaria a comparecer por conducto de un representante legal. La Regla 9.4 de Procedimiento Civil, *supra*, provee unos factores que se deben analizar a la hora de determinar si una persona puede comparecer a un pleito por derecho propio. En particular, la aludida Regla le impone al foro recurrido a evaluar lo siguiente: (1) si la persona puede representarse a sí misma de manera adecuada; (2) si la persona tiene los conocimientos mínimos necesarios para defender adecuadamente sus intereses, cumplir con las reglas procesales y alegar el derecho sustantivo aplicable; y (3) si la autorrepresentación no va a causar o contribuir a una demora indebida o a una interrupción de los procedimientos, que no entorpecerá la adecuada administración de la justicia ni atentará contra la dignidad del tribunal, de las partes o de sus abogados o abogadas.

Somos de la opinión que las comparecencias escritas de la señora Más Rivera despejan toda duda en cuanto a que ésta no puede autorrepresentarse de una manera adecuada. De igual manera, notamos que carece de los conocimientos mínimos para defenderse y, a su vez, cumplir con las reglas procesales y el derecho sustantivo aplicable. En fin, entendemos que el TPI actuó correctamente al requerirle a la Peticionaria a comparecer por conducto de un abogado. Ello, indefectiblemente, contribuirá a no causar demoras indebidas o la interrupción de los procedimientos y asegurará una adecuada administración de la justicia.

En lo relativo a la causa de acción acumulada de daños y perjuicios por la señora Más Rivera en su "**Reconvención**", si bien es cierto que la Sala de Relaciones de Familia carece de competencia para adjudicar controversias sobre la existencia o no de daños y perjuicios, no es menos cierto que los autos del caso reflejan que el TPI no actuó de manera

definitiva sobre dicha causa de acción. Lo anterior, puesto que simplemente se limitó a expresar que no tenía competencia para adjudicar los méritos de la misma y que la Peticionaria debía cumplir con las Reglas de Procedimiento Civil. Entendemos, no obstante, que el foro *a quo* deberá adjudicar la procedencia o no de dicha causa de acción mediante los mecanismos que proveen las Reglas de Procedimiento Civil, toda vez que la *Orden* recurrida no le da finalidad ni adjudica dicho asunto de forma alguna. De esta forma, y sujeto a lo que el foro recurrido disponga, la Peticionaria podrá presentar un pleito independiente ante la sala del Tribunal de Primera Instancia que corresponda.

Finalmente, y en lo correspondiente a la determinación sobre las alegaciones de violencia doméstica, coincidimos en que si la señora Más Rivera entiende que se encuentra en una situación de emergencia que requiera la intervención de las autoridades, deberá acudir al Negociado de la Policía de Puerto Rico, a fiscalía y/o a la Sala Especializada de Violencia Doméstica del Tribunal.

**IV.**

Por los fundamentos antes esbozados, los cuales hacemos formar parte integral del presente dictamen, *expedimos* el auto de *certiorari* presentado y *modificamos* la *Orden* recurrida a los siguientes fines: (1) se le concede a la Peticionaria un término adicional de diez (10) días para comparecer en el caso por conducto de un representante legal, luego de ello el TPI deberá señalar la vista de divorcio conforme a su calendario; (2) deberá el foro recurrido adjudicar la procedencia o no de la causa de acción de daños y perjuicios acumulada en la "**Reconvención**", mediante los mecanismos que proveen las Reglas de Procedimiento Civil, toda vez que la *Orden* recurrida no le da finalidad ni adjudica dicho asunto de forma alguna y, sujeto a lo resuelto, la Peticionaria podrá presentar un pleito independiente en la sala correspondiente del Tribunal de Primera Instancia; y (3) en caso de que la señora Más Rivera entienda que se encuentra en una situación de peligrosidad o emergencia, deberá recurrir a las autoridades pertinentes, ya sea al Negociado de la Policía de Puerto Rico,

a fiscalía y/o a la Sala Especializada de Violencia Doméstica del TPI. Así modificada la *Orden*, se *confirma*.

Se declara "No Ha Lugar" la "**Moción de Orden Provisional en Auxilio de Jurisdicción**" presentada por la señora Más Rivera.

**Notifíquese inmediatamente a las partes y a la Hon. Elsie E. Ochoa D'Acosta, jueza superior que preside los procedimientos ante el TPI**.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones
